MELHIM SHAHIN, Appellant, v. NIAGARA FIRE INSURANCE COMPANY, Respondent.

Fourth Department, January 27, 1943.

*Salem G. Mansour* for appellant.

*Hugh McM. Russ* for respondent.

DOWLING, J.  On the 27th of September, 1940, the Niagara Fire Insurance Company issued its comprehensive (all risk) coverage automobile policy to Melhim Shahin of Niagara Falls, N. Y.  The life of the policy was one year from the date of issuance.  The premium was six dollars.  The policy covered a 1937 Buick, four-door sedan, the property of the insured.  A personal effects endorsement was attached to the policy but it is of no moment here.  The policy covered Shahin's car: " A  *  *  * to an amount not exceeding the actual cash value of the property at the time any loss or damage occurs, nor, in any event, the limits of liability, if any, herein specified against direct loss or damage from the perils specifically insured against herein to the automobile herein described and the equipment usually attached thereto.  *  *  * B  *  *  *  Subject to all the provisions, exclusions, conditions and warranties contained in this policy, loss, if any, payable, as interest may appear, to assured.  *  *  * C  This insurance is against only such and so many of the Perils named in the Schedule below as are indicated by a specific premium in writing set opposite thereto.  The limit of this Company's liability against each of such Perils shall be as stated in the General Conditions of this policy, not exceeding, however, the limits stated in said Schedule."  The schedule referred to contained twelve " Perils " numbered 1–12 inclusive, which might be insured against.  Of the enumerated " Perils " the policy covered only the " Perils " referred to in subdivision (1) *viz:* " Comprehensive (' All Risk ') Coverage — Excluding Collision — as defined in paragraph F, page 2, Limit of Liability $ A. C. V. [actual cash value] Premium $6.00."  Paragraph F, page 2, provides in part, *viz:* " Comprehensive Coverage (Excluding Collision) :  Any loss of or damage to the Automobile and the equipment usually attached thereto, sub-

ject, however, to the EXCLUSIONS stated below and except that this Company shall not be liable for loss caused by Collision with any other object or by Upset * * * Exclusions: This policy does not cover * * * (e) Any loss excluded by the general conditions of this policy excepting loss caused by Riot, Insurrection or Civil Commotion." " Q. * * * Limitations of Liability and Methods of Determining Same." " This company's liability for loss or damage to the automobile described herein * * * shall in no event exceed the limit of liability, if any, stated in Paragraph C. * * *." The policy also provided for notice and proof of loss and limited the time for bringing action thereon.

On August 10, 1941, the assured drove his said automobile to Chester Farms, which is located on an Indian reservation in Niagara county, to attend a picnic, a place and a use within the coverage of the policy. He parked the car on the picnic ground, turned off the ignition, removed the key leaving the car in gear, unlocked and unattended. A six-year old boy, Herbert Sawma, without the assured's knowledge or consent, entered the automobile, started the motor with the result that the car moved forward, with considerable speed, across a field, the boy was thrown out and the car finally crashed into a tree causing damage to itself. The assured gave immediate notice of the accident to the defendant. The defendant denied liability, rendering service of proofs of loss superfluous and this action was timely brought to recover the damages sustained in the collision.

In his complaint, the plaintiff alleged, in part, that " the plaintiff's aforesaid automobile was damaged as a result of the malicious mischief of a child of tender years not a member of the plaintiff's household, who unlawfully and without the knowledge, consent or authorization of the plaintiff started the engine of said automobile while it was parked as aforesaid, putting the car in motion without any person operating or controlling the same; that by reason of the aforesaid unauthorized and unlawful starting of the plaintiff's automobile and the unlawful use and dominion thereof by the child aforesaid, the said automobile was accidentally damaged and many parts thereof destroyed to the plaintiff's loss in the sum of Three Hundred Fifty Dollars ($350.00)." The defendant answered denying liability and setting up as an affirmative defense " That said loss referred to in the plaintiff's complaint was a loss caused by collision and as such was specifically excluded under the policy as set forth in the complaint." The issues as framed came to trial before the court and a jury. The plaintiff intro-

duced the policy in evidence, established the fact of the accident, the amount of his damages, stipulated that the plaintiff " ordered a comprehensive all-risk policy, excluding collision " and " that collision coverage costs a higher premium " and rested. The defendant moved for a nonsuit and dismissal of the complaint. The motion was denied. The defendant rested and renewed the motion for a nonsuit and dismissal of the complaint and moved for a direction of a verdict in favor of the defendant. The motion was denied. The plaintiff made no motion for the direction of a verdict in his favor. The court, in substance, left it to the jury to say whether, under the terms of the policy and the intent of the parties as expressed in the policy, the provisions of the policy excluding recovery of damages arising from collision applied to the accident in question. The court also instructed the jury in part that " the plaintiff is entitled to recover if the cause of that collision was a risk covered by the policy." At the request of the defendant the court charged the jury in part " that in construing these policies the jury is not to take broad views, but generally is to stop its inquiries with the cause nearest the loss." The court refused to charge, at the plaintiff's request, in substance, that the cause of the loss here need not be the last event in the chain of causation. The jury returned a verdict of no cause for action. The plaintiff moved to set aside the verdict and for a direction of a verdict in his favor. His motion was denied. From the order denying his motion and from the judgment dismissing his complaint, the plaintiff has appealed. We are to determine whether or not, upon the record before us, the accident was caused by a risk insured against under the policy.

The plaintiff was insured against " direct loss or damage from the perils specifically insured against herein " subject, however, " to all the provisions, exclusions, conditions and warranties contained in this policy." While the action of the child in starting the car, doubtless, was a risk covered by the policy and the collision of the car with the tree causing damage to the car was a direct consequence of the act of starting the car, nevertheless, the plaintiff cannot recover for the loss because damages suffered in a collision, however caused, were excluded under any reasonable interpretation of the policy. In fact the policy provided that the company's liability for loss or damage " shall in no event exceed the limit of liability, if any, stated in Paragraph C." Paragraph C excludes collision as defined in paragraph F, page 2. Paragraph F provides " that this Company shall not be liable for loss caused by Collision with any other object."

We think that collision damage is excluded by the clear provisions of the policy even if such damage were caused by a risk covered by the policy. If the car had sustained any damage due to the action of the boy in starting it, other than the collision, the plaintiff, doubtless, could have recovered for such damage. The plaintiff, however, makes claim for no such damage. On cross-examination the plaintiff testified: " Q. When you got the policy did you order any collision coverage? A. On this policy I was not talking about collision coverage. Q. You didn't want any collision coverage? A. I was not buying the policy for collision. I bought the policy for fire and theft and malicious mischief. * * * Q. Why didn't you want collision insurance? A. Nobody tried to sell me collision insurance. Q. And you didn't want it, you say? A. Nobody tried to sell me. Q. You didn't want it? A. How can I buy it if nobody tried to sell me one?" This testimony indicates that the parties intended that collision damages, however caused, were excluded from coverage under the policy.

The finding of the jury that the provisions of the policy excluding recovery for damages caused by collision applied to the accident was in line with the clear language of the policy and the intention of the parties as expressed in the policy. There is nothing occult about the policy because it happens to be a comprehensive, all-risk coverage policy. The language of the policy is direct, simple and easily understood.

The orders and judgment should be affirmed.

All concur. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment and orders affirmed, with costs.