SAMUEL N. TONKIN, Appellant, v. CALIFORNIA INSURANCE COMPANY OF SAN FRANCISCO, INC., Respondent.

Submitted April 18, 1945; decided June 7, 1945.

*Samuel Sumner Goldberg* and *Irving Hatterer* for appellant. Plaintiff is entitled to recover the full amount of damage established, since under the terms of the policy every consequence attendant upon and which was the proximate cause of the fire was insured and covered under the risks insured against. The statement in the policy that the loss by collision was excluded must be construed to mean that where damage resulted independently from collision there was no coverage, but where collision resulted from fire, the coverage of fire loss extended to collision as well. (*Bird* v. *St. Paul F. & M. Ins. Co.*, 224 N. Y. 47; *Hustace* v. *Phenix Ins. Co.*, 175 N. Y. 292; *Delametter* v. *Home Ins. Co.*, 233 Mo. App. Div. 645; *Tracy* v. *Palmetto Fire Ins. Co.*, 207 Iowa 1042; *American Indemnity Co.* v. *Haley*, 25 S. W. 2d, 911; *Block* v. *Standard Ins. Co. of N. Y.*, 292 N. Y. 270; *Katzenstein* v. *Merrimack Mutual Fire Ins. Co.*, 268 App. Div. 782.)

*John L. Fletcher* for respondent. In an action on a policy of insurance, the *causa proxima* is alone considered in ascertaining the cause of loss. (*Bird* v. *St. Paul F. & M. Ins. Co.*, 224 N. Y. 47; *Aktiebolaget M. Bank* v. *Hanover Fire Ins. Co.*, 211 App. Div. 608; *Neilson* v. *Commercial Mutual Insurance Co.*, 3 Duer 455; *Patrick* v. *Commercial Insurance Co.*, 11 Johns. 9; *Hustace* v. *Phoenix Ins. Co.*, 175 N. Y. 292; *Beakes* v. *Phoenix Ins. Co.*, 143 N. Y. 402; *Shahin* v. *Niagara Fire Insurance Co.*, 39 N. Y. S. 2d 887.)

DYE, J. For purposes of this controversy it is undisputed that while the plaintiff was driving his car in the second or

fast lane of traffic on Queens Boulevard in the city of New York near the intersection of 69th Street, he noticed that his car was " smoking and burning under the dashboard ". As he attempted to get his vehicle under control by applying the brake and pulling over to the right side, a gust of smoke came up from the dashboard, and he collided with another vehicle which was standing still waiting for the traffic signal to charge. The plaintiff's vehicle was damaged to the extent of $515.30, divided into a fire loss of $38.00 and a collision loss of $477.30.

The plaintiff had insured his automobile in the defendant company. The defendant concedes the fire loss but disclaims liability for that portion of the damage resulting from the collision on the ground that it was not covered by its policy. The policy of insurance contained, among other things, a coverage clause in the following language:

" COVERAGES (as hereinafter defined)

A. COMPREHENSIVE — Loss of or Damage to the Automobile, Except by Collision but including Fire, Theft and Windstorm

\* \* \* \* \* \* \*

### INSURING AGREEMENTS

(Subject to the limits of liability, exclusions, conditions and other terms of this policy.)

### INSURANCE COVERAGES DEFINED

### COVERAGE A — COMPREHENSIVE — LOSS OF OR DAMAGE TO THE AUTOMOBILE, EXCEPT BY COLLISION

Any loss of or damage to the automobile except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

The language of this policy presents a novel question of construction. In attacking the problem we are not unmindful of the well settled principle " that if a policy of insurance is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the policy-

holder and against the company " (*Hartol Products Corp.* v. *Prudential Insurance Co.,* 290 N. Y. 44, 49, and cases cited therein). We know of no better guide in a situation of this sort than " the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract." (*Bird* v. *St. Paul F. & M. Ins. Co.,* 224 N. Y. 47, 51; *Silverstein* v. *Metropolitan Life Ins. Co.,* 254 N. Y. 81, 84; *World Ex. Bank* v. *Com. Casualty Ins. Co.,* 255 N. Y. 1, 5; *Johnson* v. *Travelers Insurance Co.,* 269 N. Y. 401, 408; *Hartol Products Corp.* v. *Prudential Insurance Co., supra.; Block* v. *Standard Ins. Co. of N. Y.,* 292 N. Y. 270.) Applying this general principle it is reasonable to suppose that the plaintiff in purchasing insurance for his automobile sought coverage against the named risks and that the fair meaning and use of the word " comprehensive " included those damages which an ordinary individual would reasonably and naturally regard as incidental to or flowing from the hazard insured against.

The policy language is definite enough to exclude loss when collision is the primary and exclusive cause, and it would do so here except for the fact that fire — the hazard insured against — was the factor causing the driver to lose control of the vehicle and was so closely associated with it in point of time and character as to constitute the proximate producing cause of the collision.

Analogous situations have arisen under fire policies which exclude damage by explosion, wherein the courts have held that damage from an explosion caused as an incident to a fire was within the coverage clause of the policy. (*Wheeler* v. *Phenix Ins. Co.,* 203 N. Y. 283.) Damage from concussion caused by explosion resulting from fire has been deemed covered. (*Cook* v. *Continental Ins. Co.,* 124 So. 239 [Ala.].) Also, a policy insuring against direct loss by theft excluding collision has been held to cover collision damages occurring while a car was in possession of the police and before return to owner. (*Bolling* v. *Northern Ins. Co.,* 280 N. Y. 510.)

The judgments should be reversed and judgment directed for the plaintiff in accordance with this opinion, with costs in all courts to the appellant.

LEHMAN, Ch. J., LOUGHRAN, LEWIS and CONWAY, JJ., concur; DESMOND and THACHER, JJ., dissent and vote to affirm on the ground that the damage to plaintiff's automobile was from collision, a cause plainly excluded from the coverage of the policy sued upon, by specific language therein contained.

Judgment accordingly.