THOMAS J. HARRIS, Respondent, v. ALLSTATE INSURANCE Co., Appellant, et al., Defendant.

First Department, November 23, 1954.

*Marshall D. Sweetbaum* of counsel (*McCarthy & McGrath,* attorneys), for appellant.

*Sydney M. Harris* for respondent.

BOTEIN, J. Plaintiff, during a heavy rainstorm, drove his car into a puddle of water about fifty feet in length and eight inches in depth. He testified that he was doing about forty to forty-five miles an hour and that the traction of the water pulled his car to the right. He attempted to hold it on the highway, but the car mounted a bank, overturned, and was practically demolished.

Plaintiff was insured for damage to his automobile by defendant insurance carrier under a so-called comprehensive coverage provision in his policy. The clause, so far as pertinent, reads as follows: " (3) To pay for all other loss to the owned automobile, except loss caused by collision between it and another object or by its upset * * *. *Loss caused by* missiles, falling objects, explosion, earthquakes, windstorm, hail, *water,* flood, vandalism, riot or civil commotion *shall not be deemed loss caused by collision* or upset " (emphasis supplied).

Suing upon the policy, plaintiff recovered judgment in the amount of $2,026.90 in the Municipal Court after trial by jury.

The key to the theory upon which defendant tried the lawsuit and prosecutes this appeal is found in the following request to charge that it made at the trial court, and which in our opinion was properly refused: " Attorney for Defendant: If the jury finds that the accident between the car and the water was a collision, then they should find for the defendant."

Defendant has always maintained that as a matter of fact and as a matter of law the contact of plaintiff's automobile with the water constituted a collision, which initiated the accident and consequent damages; and that any recovery under the policy is therefore precluded by the sweeping clause excepting loss occasioned by collision from the comprehensive insurance coverage. Defendant cites *Tonkin* v. *California Ins. Co.* (294 N. Y. 326) in support of this contention.

In that case Tonkin had a comprehensive insurance policy containing language almost identical with that of the clause under consideration here. While driving his automobile, he had his vision obscured by a gust of smoke emanating from under the dashboard, which was " smoking and burning ". His car collided with another vehicle in the roadway, and suffered fire damage amounting to $38 and damage attributable to the subsequent collision in the amount of $477.30. Defendant conceded the fire loss, but disclaimed liability for the collision loss on the

ground that any loss or damage caused by collision was expressly excluded from policy coverage.

The Court of Appeals rejected this contention, stating (p. 329): "The policy language is definite enough to exclude loss when collision is the primary and exclusive cause, and it would do so here except for the fact that fire — the hazard insured against — was the factor causing the driver to lose control of the vehicle and was so closely associated with it in point of time and character as to constitute the proximate producing cause of the collision."

Both parties construe the *Tonkin* case as holding that when damages result directly and proximately from collision, and independently of any cause insured against by the comprehensive insurance clause, a policyholder may not recover. Plaintiff also relies on the *Tonkin* case. It argues, however, that the only difference between the instant case and the *Tonkin* case is that in the latter smoke was the proximate cause of the damages and here water was the proximate cause; and both were causes covered by the comprehensive insurance clause. There is, of course, no question that water was the originating cause of the accident and subsequent damages to plaintiff's car. The only question is whether recovery for the loss sustained is precluded by the collision exception.

However, even accepting the impact of plaintiff's automobile with the puddle of water as a collision under the definition found in subdivision 12 of section 46 of the Insurance Law, as well as by common usage (*Freiberger* v. *Globe Ind. Co.*, 205 App. Div. 116), we believe that defendant has contracted with plaintiff to insure him against loss caused by this particular kind of collision. The coverage clause provides that loss caused by missiles, falling objects, and among other things, water, " shall not be deemed loss caused by collision or upset ". The quoted clause must be construed as a tacit acknowledgment that collision can occur between an insured automobile and missiles, falling objects and water, or can be initiated by those objects or other specified conditions, such as earthquake, vandalism, etc. To illustrate: If the plaintiff's automobile had collided with a rolling boulder that had fallen onto the highway from a bordering hill, there is no doubt that the impact would be a collision. There is also no doubt that the resultant damage would have been caused by a " falling object ", and under the terms of the policy, such damage would not be " deemed loss caused by collision ". Assuming that a puddle of water is one of the bodies that can meet in collision, water is nevertheless one of the causes

explicitly withdrawn from the collision exception to the policy coverage.

We therefore hold as a matter of policy construction that under its comprehensive insurance clause defendant undertook to insure the plaintiff against loss resulting from certain specified types of collision. In other words, the scope of the general collision exception was in turn limited by specified subsidiary exceptions, such as water, falling objects, etc.

The comprehensive coverage under this policy overlaps conventional collision insurance. This is not at all unusual. The comprehensive form of insurance coverage reflects the modern trend of combining in one policy as many of the narrowly defined conventional types of insurance as may be feasible.

Once it is established that the water caused some initial damage to plaintiff's car, all other damage which followed as a proximate result is covered under the policy (*Tonkin* v. *California Ins. Co., supra*). Under fire policies which exclude damage by explosion the courts have held that when such damage is occasioned as an incident to fire it is within the policy coverage (*Wheeler* v. *Phenix Ins. Co.*, 203 N. Y. 283; *Bird* v. *St. Paul Fire & Marine Ins. Co.*, 224 N. Y. 47, 50, 54). Also, under policies insuring against loss by theft and specifically excluding loss from collision, plaintiffs may recover for collision damages incurred as an incident of the theft (*Bolling* v. *Northern Ins. Co.*, 280 N. Y. 510; *Block* v. *Standard Ins. Co. of N. Y.*, 292 N. Y. 270).

Of course, where a policy provision is so worded as to be susceptible of more than one construction, the words used should be interpreted most strongly against the insurer (*Liverpool & London & Globe Ins. Co.* v. *Kearney*, 180 U. S. 132, 136; *Hartol Products Corp.* v. *Prudential Ins. Co.*, 290 N. Y. 44, 49).

The only question remaining is whether there was proof that the initial contact with the puddle of water caused any damage to plaintiff's car. An automobile mechanic who removed the car from the side of the road testified that upon examination he found a bent tie rod, which would put the steering mechanism out of balance and which could have been damaged by contact with the water. The jury found as a fact that the contact with the water damaged the tie rod and caused the accident. Furthermore, it was instructed repeatedly that if it did not so find, or if it found that the accident happened in any other manner, it should decide in favor of defendant. Certainly, defendant was entitled to no stronger instruction than this, to preclude recovery if the water damage was not the primary and exclusive cause of the damage.

The judgment should be affirmed.

PECK, P. J. (dissenting).   The majority opinion acknowledges that the accident in this case was caused by a collision, but gives an interpretation to the policy which would include collision in its coverage, although explicitly excluded by the terms of the policy, when the object collided with is water.   This interpretation rests upon the provision of the policy that "Loss caused by * * * water * * * shall not be deemed loss caused by collision".

Even though the policy is construed most strongly against the insurance company, I am unable to agree that the intended or fair meaning of the language is that loss caused by collision is included within the coverage of the policy if the collision is with a body of water.   I would think the sense of the policy was that water damage would not be considered damage by collision.   The question would still remain as to whether the damage was caused by water, and would not be resolved in the affirmative by the mere incidence of water being the object with which a collision takes place, when it is demonstrable that the damage was due to the impact or collision and not to the destructive power of water.

Water damage is something which results from water in its quality as water, that is by submersion, inundation or leakage. If it be clear that the damage was not caused by water as such, but solely by force of impact with water as a body or object, it seems to me that we are bound to say that the damage was caused by collision and not by water.

In this case the causal fact is clear in the evidence and finding of the jury.   Plaintiff's expert on damage to the car, the owner of an auto body repair shop, testified that the impact with the water had bent the tie rod which put the steering mechanism out of order.   In amplification, he said, "If he hit the water, if he hit it going that fast, it could bend all the stuff in there."

The court charged the jury, without exception, and this became the law of the case, that "If you believe that the tie rod was bent as a result of coming in contact with this puddle of water and that the accident was caused as a result of the damage to the tie rod, then you decide for the plaintiff. * * * If you believe that the accident happened in any other manner than the result of the bent tie rod, which was bent as a result of coming in contact with this puddle of water, then decide for the defendant."   Implicit in the jury's finding in plaintiff's favor, therefore, is a finding that the accident was caused by the "contact" with the body of water.

The case of *Tonkin* v. *California Ins. Co.* (294 N. Y. 326) is readily distinguishable. In that case the plaintiff, while driving his car, noticed a fire under the dashboard. He immediately applied his brakes and attempted to pull his car over to the side of the road, but his vision became obscured by the smoke and his car collided with another vehicle. The court held that the damage resulting from the collision as well as that resulting from the fire was attributable to the fire and came under the fire coverage of the policy and was not excluded by the exception of collision damage from the coverage of the policy.

The chain of causation in the *Tonkin* case started with the fire which preceded the collision and caused the collision. This case presents no similar condition of water damage independent of and preceding the collision and leading to the collision. On the contrary, the damage here all resulted from the single fact of contact or impact. There was no water damage in the sense that anyone would think of water damage.

The judgment should be reversed and the complaint dismissed.

DORE and COHN, JJ., concur with BOTEIN, J.; PECK, P. J., dissents and votes to reverse and dismiss the complaint in opinion in which CALLAHAN, J., concurs.

Determination affirmed, with costs and disbursements to the respondent. [See *post*, p. 805.]