Tony Mancuso, J.
This is a motion for summary judgment by defendant.
*190 The complaint alleges a cause of action on an automobile insurance policy. At the argument of the motion, the parties stipulated a specimen of the policy which provided: “ Part III— Physical Damage, Coverage D (1) — Comprehensive (excluding Collision).” There was no collision coverage on the vehicle. Plaintiff claims coverage for damage to his vehicle under the comprehensive clause when his automobile collided with a deer on April 22, 1960 on the Massachusetts Turnpike near Springfield, Massachusetts. Defendant urges an exclusion alleging that the occurrence was a collision.
The question before me is one of coverage. I have examined several authorities including Ann. 54 ALR 2d 381, Ann. 14 ALR 2d 812, Ann. 68 ALR 2d 1426 and Ann. 160 A, L. R. 947. Interestingly, this case seems to fall squarely within the holdings of Tonkin v. California Ins. Co. of San Francisco (294 N. Y. 326) and the Fourth Department case of Shahin v. Niagara Fire Ins. Co. (265 App. Div. 397).
The Shahin case, decided in 1943, involved a policy which provided for automobile comprehensive coverage specifically excluding liability for loss by collision. These are precisely the facts in the instant case. In Shahin the plaintiff’s car, which had been parked at a picnic ground, was damaged when it collided with a tree after being set in motion by the mischievous act of a child. The court held that while the action of the child in starting the car was a risk covered by the policy, and that the collision of the car with the tree causing the damage was a direct consequence of the act of starting the car, nevertheless, the plaintiff was denied recovery because the damages suffered were in a “ collision ”, which was excluded from coverage. Shahin was decided after a jury had rendered a verdict in favor of the defendant, turning on the intention of the parties as expressed in the “ clear language of the policy.” I do not agree with the Shahin case but as a City Judge I am bound by the result, unless there is higher authority to the contrary. Since 1943 Shahin has not been cited except as noted in 160 A. L. R. 947.
However, in Tonkin v. California Ins. Co. of San Francisco, there was also considered a comprehensive coverage which excluded loss caused by collision. It is significant that the language in the Tonkin case is almost identical with that in the policy before me. In Tonkin the insured’s automobile collided with another vehicle after smoke from fire under the dashboard had caused .the insured to lose control of the vehicle. In that case, however, fire was specifically included in the comprehensive coverage by definition.
*191 The only possible distinction between Tonkin and the instant facts is that the risk of a deer jumping in front of a car is not specifically a defined risk. Subparagraph (1) of our policy binds the defendant “To pay for loss caused other than by collision to the owned automobile or to a non-owned automobile. For the purpose of this coverage, breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed to be loss caused by collision.”
It is manifestly clear that the specific risks enumerated do not limit the first sentence of paragraph (1) but attempt to give some examples of same.
Section 1217 of volume 30 of New York Jurisprudence explains and discusses comprehensive automobile insurance and its genesis as follows: “In addition to the risks covered by policies insuring against fire, theft, or collision or upset, damages or destruction may be caused by a variety of other events such as windstorm, hail, flood, explosion, vandalism, or malicious mischief, and lightning, falling objects, or civil riot or commotion. Moreover, the cause of the loss, damage, or destruction may be of such an unusual nature that not even an extremely prudent person would, in advance of the occurrence, be prone to anticipate such a happening. To cope with this situation, therefore, automobile insurers have developed what are commonly called ‘ comprehensive coverage ’ policies or clauses, which are, generally speaking, designed to afford protection against all causes of loss, damage, or destruction not specifically excluded. These policies include all of the conventional coverages, such as theft, fire, and windstorm, as well as providing blanket coverage in other respects, but usually exclude collision losses, since collision coverage is a comparatively expensive one and can be obtained separately by the insured if he so desires, and usually also exclude other specified causes of loss.”
In my opinion, the act of a deer jumping in front of a car while the plaintiff was operating his vehicle on a modern highspeed highway, such as the Massachusetts Turnpike is a risk covered by the comprehensive clause. I am also of the opinion that the impact between the deer and the vehicle was a collision. (Newton Creek Towing Co. v. Ætna Ins. Co., 163 N. Y. 114.) I hold that the case before me is indistinguishable from the facts in Tonkin v. California Ins. Co. of San Francisco, (See, also, Getzoff v. Piedmont Fire Ins. Co., 203 Misc. 267, and Mohawk Val. Fuel Co. v. Home Ind. Co., 8 Misc 2d 445.)
*192 Like the Mohawk Val. Fuel Co. case I further hold that the language of the comprehensive clause is ambiguous and vague and the average business man would find great difficulty in reconciling the express coverage and the exclusions regarding collision.
It has long been settled that ambiguities must be solved in favor of the policy holder. (Tonkin v. California Ins. Co. of San Francisco.)
For the reasons aforesaid the motion of defendant is denied. Submit order.