■ NATOYA S. EDWARDS et al., Plaintiffs, and NATASHA EDWARDS et al., Appellants, v ALLSTATE INSURANCE COMPANY et al., Respondents. [792 NYS2d 504]—

In an action for a judgment declaring that the defendant Allstate Insurance Company is obligated to provide excess coverage under a policy of insurance issued to the defendant John Gazzola in connection with an underlying personal injury action, the plaintiffs Natasha Edwards and Marcus Williams appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), dated December 23, 2003, as granted the defendants' motion for summary judgment and denied their cross motion for summary judgment declaring that the defendant Allstate Insurance Company is obligated to provide excess coverage under the policy of insurance issued to the defendant John Gazzola in con-

nection with the underlying personal injury action, and (2) from a judgment of the same court entered January 14, 2004, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the cross motion is granted, the order dated December 23, 2003, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant Allstate Insurance Company is obligated to provide excess coverage under the policy of insurance issued to the defendant John Gazzola in connection with the underlying personal injury action; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Policy exclusions are to be strictly and narrowly construed and are not to be extended by interpretation or implication (see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]). In addition, the insurer bears the burden of establishing that the exclusion is applicable (id.). Where, as here, the terms of an insurance policy are doubtful or uncertain as to their meaning, any ambiguity must be resolved in favor of the insured and against the insurer (see Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 671 [1981]). Accordingly, the defendants failed to establish their prima facie entitlement to summary judgment. Moreover, since there exists no issue of fact regarding the applicability of the two policy exclusions, the Supreme Court should have granted the appellants' cross motion for summary judgment. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.