(21 Misc. Rep. 52.)

### RANDRUP v. SCHROEDER.

(Supreme Court, Appellate Term. July 29, 1897.)

1. BROKERS—EXCHANGE—PROCURING CAUSE.

Plaintiff undertook to sell for defendant three adjoining houses, with the understanding that No. 1982 should be sold last. He produced a person to exchange lots for No. 1986, but, when the parties met, the transaction fell through. Some time later No. 1986 was sold to some one else, and about four months afterwards defendant exchanged No. 1982 for said lots, which were still owned by the person that plaintiff had produced. Plaintiff took no part in this transaction. *Held*, that he was not entitled to compensation, as he was not the procuring cause of the exchange.

2. ADMISSIONS OF THIRD PERSONS.

The admission of one of the parties to an exchange that they were liable to the broker for commissions is not admissible against the other party to the exchange.

Appeal from Tenth district court.

Action by Carl E. Randrup against Henrietta Schroeder. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Samuel Fleischman, for appellant.

Ira G. Darrin, for respondent.

BISCHOFF, J. The claim in suit was for the amount of agreed compensation alleged to be due to the plaintiff because of his successful efforts, as a real-estate broker, in bringing about an exchange of the defendant's property, No. 1982 Bathgate avenue, in this city, for certain lots owned by one Wittiger, in the city of Yonkers; but there appears to have been no sufficient evidence that this broker was the procuring cause of the exchange, and the judgment is therefore infirm, and cannot be sustained.

The defendant owned three adjoining houses on Bathgate avenue, known by the street numbers 1982, 1984, and 1986, all similar in plan, the first named being occupied by her and her husband as their residence; and it was testified by the plaintiff that he had been employed to find a purchaser of these houses, but that 1982, the residence, was to be sold last. He produced Wittiger as a party able and willing to purchase one house by giving the Yonkers lots, of a stated valuation, in exchange, and by making an appropriate cash payment of the balance in favor of defendant to complete the purchase price. These negotiations were had with reference to No. 1986, but, when the parties met to execute the contract of sale, it transpired that Wittiger was unable to complete the matter, or else unwilling, and the transaction fell through, with the result that No. 1986 was later sold to some other person. Some four or five months after this, however, the defendant did exchange the house No. 1982 for these Yonkers lots, the title not being taken by Wittiger in his own name, but by one Wetterer, who held a mortgage upon the lots; and, while the plaintiff had made no move in this transaction, he laid claim to compensation as broker, because Wittiger had been originally introduced by him to the defendant, at a

time when the three houses were in his hands for sale. This, however, was not enough, since, although it may be conceded that Wittiger would not have concluded the exchange for No. 1982 had his attention not been called originally to the three houses by the plaintiff, No. 1982 was not for sale at the time of the introduction, because of the fact that No. 1986 was then unsold, and its sale was to precede the sale of No. 1982, according to the plaintiff's own testimony as to his instructions from the defendant. As has been said, the negotiations commenced with Wittiger, through the plaintiff's instrumentality, with reference to No. 1986, came to nothing, and no more was done by the plaintiff in the matter. Thus, it cannot be held that he procured the sale of the house No. 1982, when it finally came into the market, merely because Wittiger was interested in the purchase; for, even if it be said that the broker's influence endured until the date of the sale, that influence, when exerted, was not extended to this particular property, in compliance with any request upon the defendant's part, or in the course of the broker's employment at that time. Under these circumstances, it seems obvious that the plaintiff was not the procuring cause of the sale in question, under the rules applicable to this class of cases. In support of his claim, the plaintiff called Wetterer, the purchaser of record, as a witness, who testified that Wittiger had told him that the title was to be taken in his name, in order that both parties to the transaction might defraud the broker of his commissions. It appears that the plaintiff was understood to be acting for both sides in the matter of the attempted sale of No. 1986; but, while this evidence of Wetterer's might have supported a finding of an admission upon Wittiger's part that the broker was entitled to commissions through the sale of No. 1982, it did not serve as evidence of this defendant's admission of the fact, and otherwise, as shown, the proof was insufficient to charge the latter.

The judgment is open to the further objection that there was no proof of damages, since, while the action was for an alleged agreed compensation of $100 upon the sale of the house No. 1982, the plaintiff failed to testify to any such agreement, and the only evidence upon the subject (that of the defendant) was to the effect that this sum was promised solely with reference to Nos. 1984 and 1986.

There is also a serious question whether the plaintiff acted in good faith as the agent of the defendant in the course of his dealings with Wittiger. A letter sent by him to the latter was in evidence, whereby it appeared that he was aware of Wittiger's overvaluation of his Yonkers lots, and in which he stated that he would not inform the defendant of the facts. This letter was not satisfactorily explained, and may be taken as strongly affecting the right of recovery in this action.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.