(22 Misc. Rep. 365.)

## RANDRUP v. SCHROEDER.

(Supreme Court, Appellate Term.   January 17, 1898.)

REAL-ESTATE AGENT—RIGHT TO COMMISSIONS.

The fact that an owner of real property, who has employed a broker to sell the same, conveys the legal title to a third party for the secret benefit of a real purchaser, whom the broker claims to have introduced, when taken together with evidence of an admission by the owner that he was seeking to defeat the broker's claim for commissions, gives support to evidence that the broker was in fact the procuring cause of the sale.

Appeal from Tenth district court.

Action by Carl E. Randrup against Henrietta Schroeder.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Samuel Fleischman, for appellant.

Ira G. Darrin, for respondent.

BISCHOFF, J.   A judgment for the plaintiff in this action was reversed by this court upon the ground that there was not sufficient proof that he was the procuring cause of the sale of the premises in question, No. 1982 Bathgate avenue, although the purchaser, Wittiger, was originally introduced by him, because his employment, so far as then appeared from his own testimony, was limited to procuring a purchaser for that house only after the adjoining houses, owned by the defendant, had been sold (Randrup v. Schroeder, 21 Misc. Rep. 52, 46 N. Y. Supp. 943); but upon the new trial which was ordered additional evidence, quite sufficient to support the judgment now appealed from, was made to appear.   While, when plaintiff was first employed as broker, the defendant's desire was that a purchaser of the houses other than No. 1982 should be procured before that house was to be sold, it now appears that Schroeder, the defendant's husband, and exclusive representative, told the plaintiff, after the introduction of Wittiger, that if any one of the houses was sold to that individual commissions would be paid him upon such sale.   Plaintiff, before this, had exerted his influence upon Wittiger with respect to all the houses, and there was to be implied from this promise by the defendant a ratification or adoption of the plaintiff's acts in thus endeavoring to induce a sale of the properties in an order other than the order of disposal originally intended, and an abandonment of the limitation as to such order, if, indeed, in view of this evidence, the limitation was meant to apply to the scope of the employment.   Furthermore, Wetterer, the nominal purchaser of record upon the transaction which was finally concluded, testified to an admission by Schroeder that Wittiger's name was to be omitted from this transaction, as recorded, in order that payment of the plaintiff's commissions might be thereby avoided.   Upon the first trial Wetterer's testimony went only to a similar admission by Wittiger, but the explanation of this omission, which applies also to other defects in the evidence passed upon when the first appeal was heard by this court, is found in the fact that the action, as against this defendant, was determined solely upon the

testimony taken in an action by the plaintiff against Wittiger for commissions alleged to have become due from the latter in this same transaction, the plaintiff having acted openly in behalf of both parties. By stipulation, that testimony alone was submitted to the justice when this case was first tried, and its manifest insufficiency, which necessitated our reversal of the judgment then rendered, was due to the fact that the nature of the requisite proof differed in the particular actions. The evidence now applied was thoroughly credible, although contradicted, and it was quite proper for the justice below to base his decision upon it, if he saw fit, thereby resolving the conflict of fact in favor of the plaintiff. It has been found that the colorable sale to Wetterer was actually a sale to Wittiger, and this was a circumstance which, taken with the testimony of Schroeder's admission, would give support to the evidence given to show that the plaintiff was recognized as the procuring cause of the sale, in the course of his employment, and established the fact that the transaction was not completed through the defendant's own efforts in good faith, but that there was a collusive attempt to obtain the benefit of the broker's services without making the agreed compensation. The plaintiff's letter to Wittiger, which, upon the last appeal, appeared to disclose bad faith towards the defendant upon the plaintiff's part (containing, as it did, a statement that the writer knew of Wittiger's overvaluation of the lots offered in exchange for the defendant's property, and an intimation that the defendant would not be informed of the facts), was satisfactorily explained upon this trial. If the plaintiff was responsible for the sentiments expressed in the communication, which was written and forwarded, without his perusal, by a clerk in his employ, it appears that he did in fact act honestly towards the defendant in the matter, since the latter was thoroughly made aware of Wittiger's overvaluation of his property, and the plaintiff in no way attempted to deceive her or her agent, but discussed the situation fully and openly with the latter. Judgment affirmed, with costs. All concur.