(32 Misc. Rep. 511.)

KONNER v. ANDERSON et al.

(Supreme Court, Appellate Term. October 4, 1900.)

BROKERS—RIGHT TO COMPENSATION.
    Where a broker employed to sell lands finds a purchaser, the execution of a contract and a deed in the name of a third person, at the request of such purchaser, will not defeat the right of the broker to compensation.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Regina Konner against Mary J. Anderson and another for compensation for services in selling real estate. From a judgment in favor of the defendants, the plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Emil A. Klein (A. B. Schleimer, of counsel), for appellant.
Fettrech, Silkman & Seybel, for respondents.

O'GORMAN, J. This was an action to recover broker's commission on the sale of real estate, and at the close of the plaintiff's case the complaint was dismissed owing to the alleged insufficiency of plaintiff's evidence. In this the court erred. The testimony satisfactorily establishes plaintiff's employment and the sale of the property in question. The purchaser procured by the plaintiff was one Weinstein. For reasons of his own, the contract was signed and deed taken in the name of one Cohen, with whom Weinstein, who

supplied the purchase money, was associated in the transaction. An agent cannot be deprived of his commission merely because the actual purchaser takes title in another's name. Randrup v. Schroeder, 22 Misc. Rep. 367, 49 N. Y. Supp. 290. The gist of the action is, was the plaintiff the procuring cause of the sale? The details of the closing are but incidents of the transaction, which confer or destroy no rights. Even without resorting to the rule that the construction most favorable to the plaintiff must be put upon the testimony, it is clear that a cause of action was made out when plaintiff rested, and it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

### BROCKMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.  October 4, 1900.)

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EQUALLY BALANCED EVIDENCE—INSTRUCTIONS.

> Where the evidence as to how the accident happened was conflicting, and the charge of the trial court did not cover the question of equally balanced testimony, the refusal to instruct the jury "that if, upon the whole case, the evidence was equally balanced, either on the question of the defendant's negligence or of the plaintiff's freedom from contributory negligence, it must find for the defendant," was erroneous.

Appeal from municipal court, borough of Manhattan, Tenth district.

