JAMES A. ANDREWS, Respondent, v. SAMUEL LEBIS et al., Appellants, et al., Defendants.—

The time to serve answers is extended twenty days from the entry of the order hereon. Respondent by his first cause of action seeks to recover for a breach of contract upon the part of the defendants, trustees, who are not parties to these appeals. It is alleged that the Brooklyn Trust Company, as trustee, employed him to find a party who would enter into a contract with it upon terms satisfactory to it for the purchase of a certain parcel of real estate. He alleges that he fully performed the contract. In the second cause of action, respondent seeks to recover for breach of a contract by defendant Brooklyn Trust Company, individually, whereby it agreed to pay him a commission for the sale of a mortgage owned by it. In the third cause of action, respondent alleged

he was prevented by a conspiracy on the part of the appellants from earning the commission to which he would have been entitled as the procuring cause for finding a person who would be interested in purchasing the real property and who would enter into an agreement with the trustee to purchase the real property on terms satisfactory to the trustee. In the fourth cause of action, he alleges that, by reason of a conspiracy on the part of the appellants, they sought to prevent him from earning the commissions to which he would have been entitled for his services as the procuring cause for persuading appellant Lebis to enter into an agreement with appellant Brooklyn Trust Company, individually. The motion of appellants 98 Montague, Inc., Sherman and Alpert to dismiss the third and fourth causes of action under subdivision 4 of rule 106 should have been granted. Respondent has attempted to bring himself within the decision of the Court of Appeals in *Keviczky* v. *Lorber* (290 N. Y. 297). But there the jury could find that the customer of the broker, save for the fraudulent acts of the alleged conspirators, would have accepted the terms of the seller and purchased the premises. The Court of Appeals held that the wrongful acts of the conspirators transferred an asset of that broker to the buyer. Here, in the third cause of action, there is no allegation of facts from which a jury could find that the alleged customer of the respondent, or his nominee, would for himself have bought on the terms according to which the trustees were willing to sell the fee. Therefore, no asset of the plaintiff went to the conspirators. While respondent, in the fourth cause of action, has not realleged the allegations of the second cause of action that he was the procuring cause of the agreement by appellant Lebis with the Brooklyn Trust Company, individually, to purchase that appellant's mortgage, he has in that cause of action alleged that he was the procuring cause of such agreement. There are allegations that the conspiracy was to prevent him from earning compensation for his services and to make it appear that he was not the procuring cause of the agreement with the nominee of Lebis. In view of the allegations as to the terms of his employment and the allegations of performance, there is no basis for a finding that the conspiracy did prevent him from earning his commissions. Appellants Brooklyn Trust Company, individually, and Lebis did not move to dismiss the third and fourth causes of action. They sought to strike out paragraphs and parts of paragraphs from those causes of action. In the absence of motion by them to strike out the entire causes of action for legal insufficiency, for the purposes of their motion, they must have assumed that the causes of action were sufficient. On that assumption, it cannot be said that the paragraphs and parts of paragraphs attacked were totally irrelevant to the causes of action. It was not error, therefore, to refuse to strike out the paragraphs attacked. This disposition, however, does not preclude an attack by those appellants on the causes of action for legal insufficiency. Nolan, P. J., Wenzel, MacCrate and Schmidt, JJ., concur; Carswell, J., not voting. [See *post*, p. 1074.]