■ Austin G. Riesenberger, Appellant, v. Gladys Sullivan, Also Known as Gladys Riesenberger, Respondent. (Appeal No. 2.) — Appeal from so much of an order as granted a motion, pursuant to rule 103 of the Rules of Civil Practice, to strike a paragraph from the reply, with leave to serve an amended reply omitting the paragraph. Order modified by striking therefrom the first two ordering paragraphs and by substituting therefor provisions striking the fifth paragraph from the defense to the second counterclaim with leave to serve, within 10 days after the entry of the order hereon, an amended reply omitting said paragraph from the reply to the second counterclaim. As so modified, order, insofar as appealed from, affirmed, without costs. In April, 1948, appellant and respondent executed a separation agreement in which appellant agreed to pay $16 weekly for the support of his wife, the respondent, so long as she lived chaste and apart from him, agreed to pay $7 a week for the support of the children during their minority or until they became self-supporting and any necessary and reasonable amounts for repairs to their home until it was sold. It was also provided that the "house and lot now standing in the name of the wife shall be sold as soon as practical after June, 1948, and the proceeds of the sale shall be divided equally between the parties hereto." The parties were divorced in 1949 and respondent remarried on June 5, 1953. In 1954, appellant instituted an action against respondent in which he alleged that, in 1944, the legal title to the real property was placed in the name of the respondent, who agreed to reserve the equitable title to appellant. He demanded judgment that she be ordered to convey such property to him and to account. That action resulted in a judgment dismissing the complaint. In the instant action, appellant seeks (1) specific performance of the agreement to sell the house and to divide the proceeds, and an accounting; (2) to recover $2,250 paid to respondent after November 1, 1948, in reliance on her agreement to sell the house and divide the proceeds, and (3) in the event specific performance be not decreed, to determine the respective rights of the parties to the real property pursuant to article 15 of the Real Property Law, to bar respondent from claiming sole ownership, or to compel her to convey an undivided one-half

interest to him. As her fourth defense and first counterclaim, respondent alleges that the prior action determined that she was sole owner of the real property since 1944 (*res judicata*), that there was no consideration for the provision in the separation agreement providing for the sale of the house and division of the proceeds and that " because of such lack of consideration, said provision was and is wholly null and void and should be so declared." Judgment was demanded reforming the agreement to eliminate said provision. As a second counterclaim, respondent demands a money judgment totalling $704 based on the alleged failure of appellant to make the $16 weekly payments from August 1, 1952, to June 5, 1953. In the reply to both counterclaims, appellant alleges that " for sometime prior to their separation in April, 1948, the defendant breached her marital duties toward the plaintiff by being openly hostile and cruel to him, by refusing to cohabit with him and by her insistance and unlawful demand that he live separate from her." That paragraph was properly struck from the defense to the second counterclaim but was improperly struck from the defense to the first counterclaim for reformation. Motions to strike out parts of a pleading as unnecessary and improper are not favored and will be denied unless the court can clearly see that the allegations sought to be struck out have no possible bearing on the subject matter of the litigation (*Solomon* v. *La Guardia*, 267 App. Div. 435; *Chesny* v. *Chesny*, 278 App. Div. 586). The refusal to strike out an allegation is not an adjudication as to its materiality and does not constitute a decision that evidence under it would be competent or have an effect upon the trial (*International Ry. Co.* v. *Jaggard*, 204 App. Div. 67; *Michigan S. S. Co.* v. *American Bonding Co.*, 109 App. Div. 55). The matter set forth in the reply should be weighed in the light of the allegations of the first counterclaim (*Schwartz* v. *Klein*, 272 App. Div. 834). In that counterclaim respondent alleges lack of consideration for the provision in the separation agreement concerning the sale of the house. Having pleaded such lack of consideration, respondent cannot say that evidence to support the validity of the agreement by proof that she had forfeited her right to support is irrelevant to the counterclaim (see, e.g., *Andrews* v. *Lebis*, 279 App. Div. 1013; *Michigan S. S. Co.* v. *American Bonding Co.*, *supra*). The fact that the allegation in the first counterclaim as to the lack of consideration was denied in the reply is no reason for striking out the affirmative allegation in the reply (*Home Ins. Co.* v. *Gillespie Loading Co.*, 222 App. Div. 67; *Kolb* v. *Mortimer*, 135 App. Div. 542). Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.