A. David Benjamin, J.
Defendants, The Educational Alliance, Inc. and Jack Kamaiko, move pursuant to rule 106 of the Rules of Civil Practice to dismiss as against them the first and second causes of action set forth in the complaint for legal insufficiency.
The first cause of action alleges in substance that the Educational Alliance, Inc. (hereinafter referred to as Alliance) was the owner in fee of certain real property situated in the town of Pawling, Dutchess County, commonly known as Camp Salomon; that defendant Kamaiko was the general manager of said camp for Alliance; that in July, 1956 Alliance employed plaintiff as broker to procure a purchaser for the property and agreed to pay the usual brokerage commission therefor; that thereafter plaintiff procured and interested defendant Presbytery of Westchester, Synod of New York (hereinafter referred to as Presbytery) in the purchase of the premises upon terms agreeable to the defendant Alliance, for the sum of $110,000, except that the finances of said Presbytery were not at said time in such shape as to permit them to consummate the purchase of the property; that plaintiff had communicated to the defendants Alliance and Kamaiko the fact that it had procured the said Presbytery as a prospective purchaser, upon the terms set forth by the owner, but that the said prospective purchaser’s financial shape was not yet such as to permit a consummation of the deal at that time; that the moving defend *272 anís, as well as the defendants Phillips and Abernathy, had full knowledge that defendant Presbytery was plaintiff’s customer, willing to purchase as aforesaid.
The complaint further alleges that thereupon all the defendants conspired together and entered into an agreement and arrangement wherein and whereby, with the purpose of ultimately transferring and selling said property to defendant Presbytery, in the near future, when the latter’s finances would permit a consummation of the purchase, and for the purpose of depriving plaintiff of the commission to which it was entitled, defendants arranged for and defendant Alliance did transfer the record title of the property to defendants Phillips and Abernathy; that pursuant to the aforesaid scheme a contract was entered into by and between defendants Phillips and Abernathy, as sellers, and a nominee of Presbytery, as purchaser, for the sale of the said premises for the sum of $110,000 and upon the other terms in said contract set forth; that the sale was ultimately consummated; that the sale was made through the efforts of the plaintiff and by his procurement of said Presbytery, with full knowledge, acquiescence and ratification of said efforts by the defendants; that defendants agreed, among themselves, to withhold from the plaintiff the fact that such sale had been made; that defendants agreed to distribute among themselves the commissions which plaintiff was entitled to receive on such sale; that the plaintiff was entitled to a brokerage commission in the sum of $8,250, no part of which has been paid to plaintiff although duly demanded.
The second cause of action repeats the allegations of the first cause of action and further alleges that if the conspiracy and arrangement had not been had, plaintiff could have procured the purchase of the camp by the Presbytery directly from the Alliance and claims damages for the alleged wrong.
A broker earns his commission if a sale is effected through his agency as the procuring cause. If he brings the parties together and the sale results in consequence, the commission is earned although the broker had no part in the negotiations between the owner and the purchaser. (Travis v. Bowron, 138 App. Div. 554; Lloyd v. Matthews, 51 N. Y. 124; Sussdorff v. Schmidt, 55 N. Y. 319; Salzano v. Pellillo, 4 A D 2d 789.) Accordingly, if the conveyance in the case at bar had been made directly by the Alliance to the Presbytery, plaintiff would clearly be entitled to its commission. That the sale was not a direct one, does not, under the allegations of this complaint, alter the result.
It has been held that a colorable sale to a third party in order to deprive the broker of his commission, will not have that *273 result (Randrup v. Schroeder, 22 Misc. 365); nor can a broker be deprived of Ms commission merely because the actual purchaser takes title in another’s name (Konner v. Anderson, 32 Misc 511).
The court is not unmindful of the rule that when a broker opens negotiations between parties but, failing to bring the customer to the terms specified by the owner, then abandons them and the owner subsequently sells the same person, the owner is not liable to the broker for commissions. (Wylie v. Marine Nat. Bank, 61 N. Y. 415; Teves v. Thieringer, 281 App. Div. 752.) But it cannot be assumed from the pleading under consideration that negotiations between the plaintiff and Alliance were abandoned or terminated as unsuccessful although temporarily dormant. In all contracts there is an implied undertaking by each party that he will not do anything to prevent the other party from carrying out the agreement on Ms part; and a party cannot insist upon a condition precedent if he has prevented its performance; for he is then precluded from asserting it as a defense to an action upon the contract (Young v. Hunter, 6 N. Y. 203, 207; Patterson v. Meyerhofer, 204 N. Y. 96, 100) and this includes doing anything that prevents the other party to a contract from earning his fees or agreed compensation. (Zadek v. Olds, Wortman & King, 166 App. Div. 60, 63, 64; Carns v. Bassick, 187 App. Div. 280, 282, 283.)
The complaint herein alleges, and for the purposes of this motion we must accept such allegations as true, that the defendants entered into a conspiracy to deprive plaintiff of his lawful brokerage commissions, that the colorable sale by Alliance to Phillips and Abernathy and the equally colorable sale by the latter to Presbytery’s nominee was a device or maneuver resorted to solely to effectuate defendants’ collusive attempt to deprive the plaintiff of its right to recover brokerage commissions it had earned and to divide such commissions among themselves. The first cause of action, therefore, is legally sufficient on its face.
The second cause of action pleaded is also sufficient within the rule enunciated in Keviczky v. Lorber (290 N. Y. 297) to the effect that where, through a conspiracy which was illegal and fraudulent, a broker was prevented from procuring a purchaser, and that if that scheme had not been put into operation the broker could have procured the purchaser and would have earned Ms commission.
The court on a motion under rule 106 may not inquire into the likelihood of successful proof at a trial of the allegations in this complaint of conspiracy against ecclesiastical and social agencies *274 of high repute and of outstanding service to the public. Our law does not provide, unhappily, as does that of Great Britain, for punitive damages in the event that allegations in a complaint are ultimately found to be scandalous and scurrilous. For the purposes of this motion only, the court must find the complaint states a cause of action. Whether or not at a trial the allegations in this complaint can be sustained may not be considered now.
The motion is denied in all respects. Settle order on notice.