Charles A. Loreto, J.
Four adults and one infant, who are the plaintiffs in this suit, while passengers in an automobile on October 17, 1955, sustained injuries for which this suit has been instituted. The driver of the automobile in which they were passengers died as a result of his injuries. A collision occurred between the passenger car and a tractor trailer under lease by the defendant Carroll Transport, Inc., from the defendant Nobile on Route 22 in the Township of Weisenburg about 12 miles west of Allentown, Pennsylvania.
This case was tried by the court without a jury and the question of contributory negligence is resolved in favor of the plaintiffs. The question of whether the defendants or either of them is chargeable with negligence must be determined by the laws of the State of Pennsylvania since the accident occurred in that State.
The court finds that the trailer truck was without load and “ deadheaded” westward bound from Clinton, New Jersey, to Pittsburgh, Pennsylvania. It had been raining for some time prior to and at the time of the accident. Defendant Nobile had already travelled over 100 miles with the trailer truck without any incident. The road surface was wet and visibility was fair. This Route 22 was a three-lane highway, two for westbound traffic, one of which was for passing vehicles, and the third lane was for eastbound traffic. Just prior to the accident, which *840 occurred in the early morning about one o’clock, as the defendant Nobile proceeded up a moderate grade in the right lane in low gear with a straight roadway, the trailer truck began to slide to the left and he was able to straighten it out without applying his brakes. After he pulled out of the first slide the trailer truck went into another slide and then into the guard rail into which the trailer was locked and the hose line broke. The tractor trailer had crossed the roadway and the cab or tractor part of the vehicle rested in the east-bound lane. The passenger automobile in which the plaintiffs were riding had come over the crest of the road down the eastbound lane, striking the cab or tractor which rested in its pathway. All the passengers were injured and were taken to a local hospital.
Under the Pennsylvania law the presence of a vehicle on the wrong side of a highway is prima facie evidence of the driver’s negligence (Miles v. Myers, 353 Pa. 316) and the skidding or sliding of a vehicle of itself does not constitute negligence of the driver. It is thus incumbent upon the plaintiffs to prove that such skidding or sliding of the vehicle was due to the negligence of the driver (Dahlman v. Petrovich, 307 Pa. 298). The operator of a motor vehicle is bound at all times to exercise reasonable care in its operation (Richardson v. Patterson, 368 Pa. 495). As sliding or skidding of itself does not constitute negligence, something additional must be shown to justify a finding of negligence (Griffith v. Semrell & Son Co., 304 Pa. 165).
Applying these principles to the case at bar, the court finds negligence in the operation of the trailer truck. It is apparent that the trailer tractor failed to keep traction while proceeding up the grade necessary to remain in its lane. Although its first sliding may not have been anticipated, after its driver had straightened out and gained control of the vehicle, since the highway was then free of other traffic, he should have reasonably attempted to ascertain the cause of the slide in order to avoid its repetition. This he failed to do; nor was any explanation given for the second sliding of the trailer truck. Therefore, the court finds that the defendant Nobile failed to exercise reasonable care in the operation of the trailer truck.
The court finds the defendant Carroll Transport, Inc., is also chargeable with the negligence of defendant Nobile. The tractor trailer was leased by the latter to the former under a written contract which provides for the hire or rental of the vehicle for a “ permanent ” period subject to cancellation “upon a thirty-day notice by either party”. The agreement further provides, “ During the period of this lease the said vehicle * * * shall be solely and exclusively under the *841 direction and control of the Lessee (Carroll Transport, Inc.) ”. This agreement establishes the relationship of these parties. It is free of any ambiguity and does not contain any technical words. Hence ‘ ‘ it becomes the function of the court to determine the precise nature of the relationship ” (Johnson v. Angretti, 364 Pa. 602, 607). The court finds that the tractor trailer was at the time of the accident under constructive control of defendant Carroll Transport, Inc.
In determining the injuries of the respective plaintiffs, the problem presented by reason of the claim made on behalf of the infant plaintiff was of the greatest concern and presented the most difficulty to the court. As a result of a depressed fracture of the skull sustained by the infant plaintiff, it was claimed that he thereby lost the power of speech. At the time of the accident he was one year of age and at the time of the trial five years of age. The depressed fracture was in the region of the right frontal parietal of the skull. By operation the depression was raised, leaving a two-inch oblique scar. The child’s mother testified that since the accident the child is highly nervous, awakens during the night, screams, is frightened, falls out of the bed, does not speak except for a few words, and that he must be fed. A Doctor Tandett testified that in his opinion the depressed fracture suffered by the child was a competent producing cause of the post-concussion syndromes and the failure of the child to speak. In behalf of defendants a Doctor Erdman testified that his examination of the child revealed no brain damage and that as the fracture sustained by the child was not in the Broca’s area of the brain which controls the power of speech, any failure of the child to speak was not due to the injury. At the conclusion of the trial, with the consent of the parties, in order to have the benefit of a further examination and additional expert medical opinion with respect to the claimed loss of power of speech of the child, the child was examined by Dr. Gutierrez-Mahoney, of the Supreme Court Medical Panel. His report dated June 9, 1959 was received by the court, together with a supplementary report of June 15, 1959, which reads: “ In view of the apparent speechlessness of this child it will be desirable to have him admitted to the hospital where he could be observed in regard to speech and I recommend this to the court.” Accordingly, on consent, arrangements were made to have the child admitted to St. Vincent’s Hospital for that purpose for the period from June 22 to June 27, 1959. This resulted in an additional report of Dr. Gutierrez-Mahoney. Upon receipt of these reports, made available to counsel for the parties, the court asked the attorneys *842 whether they desired any oral examination or cross-examination of Dr. Gutierrez-Mahoney. All of them expressed satisfaction that the court consider the said reports without any examination or cross-examination of the said doctor. The court has taken these reports into consideration and adopts the findings and conclusions therein contained. The reports are appended to and made part of this opinion.
The court finds that plaintiff has failed to prove by a fair preponderance of the credible evidence that the injuries sustained by the infant plaintiff were the proximate cause of any loss of speech. As and for a fair and reasonable award for the injuries that he suffered and their consequences, the court awards the sum of $9,500.
The child’s father, the plaintiff Pedro Juan Ortiz-Ortiz, sustained a cut over the left eye, leaving a minor depressed sear. He complained of pain in the head and left arm and blurred vision. These conditions in the court’s opinion were temporary. In the treatment of his injuries a hospital bill of $30 was incurred, as was a doctor’s bill of $32. He was out of work for two weeks, employed at the time as a truck delivery helper. The court finds as fair and reasonable compensation for his injuries and medical expenses and loss of earnings the sum of $750. To this award will be added the sum of $23 medical bills incurred in the treatment of his wife and the sum of $747.11 hospital bills incurred for the treatment of the infant plaintiff in addition to the sum of $10.50 doctor’s bills also incurred for' the treatment of the infant plaintiff, for injuries received by them in this accident.
His wife, Eulalia Ortiz-Ortiz, sustained a contusion to her right temporal region resulting in a healed scar, contusions to her left shoulder and back resulting in tenderness. A doctor’s bill of $23 was incurred for her treatment. As a fair reasonable award for her injuries and pain and suffering, the court awards the sum of $750.
Plaintiff Heriberto Rodriguez sustained a fracture of the left radius and ulna, which was set by a closed reduction and put in a cast for a period of six weeks resulting in some atrophy of the muscles of the left forearm with a loss of power of the left hand and a restriction of wrist motion of approximately 25%. He incurred a hospital bill of $69.25. As a reasonable award for the injuries sustained by him and expenses and losses incurred, the court awards the sum of $4,500.
Plaintiff Isabel Guevara, a young lady 25 years of age, sustained a contusion to her right eye, arm, and leg, and right chest and ankle. The laceration to her right eye was sutured and her *843 chest was strapped. She had considerable pain for a number of months in the various injured regions, particularly in the region of her chest. She incurred doctor’s bills of $34. The court awards to her for reasonable compensation for her injuries and medical expenses the sum of $1,200.
This opinion constitutes the findings of fact and conclusions of law required by the Civil Practice Act. Judgment may be entered accordingly. All motions upon which decision was reserved are now denied. Twenty days’ stay of execution.