Richard D. Simons, J.
Defendants Fishman and Kessler move pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss the complaint as to them for failure to state a cause of action.
Two causes of action are alleged. The first alleges that plaintiff is a real estate broker, employed by defendants Pelnik to sell certain realty in the City of Utica, New York, at the usual rate of commission, that the plaintiff endeavored to do so and did, in fact, introduce movants [defendants Fishman and Kessler], as prospective purchasers, to defendants Pelnik, that thereafter the property was sold by defendants Pelnik to movants for the sum of $55,000 but that the plaintiff was not paid his commission although he was the procuring cause of the sale, and that he has thereby been damaged in the amount of $5,500.
*334 The second cause of action asserts that the defendants secretly completed the sale after Fishman and Kessler were introduced as prospective purchasers to the Pelniks and that defendants conspired to deprive plaintiff of his commission for the purpose of increasing the profit to Pelnik and decreasing the cost to the defendants Fishman and Kessler.
The court must determine whether or not a cause of action has been stated by viewing the complaint in the aspect most favorable to the pleader. (Gaynor v. Rockefeller, 21 A D 2d 92; Foley v. D’Agostino, 21 A D 2d 60.)
Plaintiff’s first cause of action clearly requires dismissal as to movants. It alleges no basis for recovery against them, contractual or otherwise.
The second cause of action must be tested by the rules of conspiracy pleading as set forth by the established case law. (Cf. Kevicsky v. Lorber, 290 N. Y. 297; Hornstein v. Podwitz, 224 App. Div. 11, affd. 254 N. Y. 443; Baum & Sons v. Educational Alliance, 12 Misc 2d 270.)
Movants complain that knowledge on their part of the agreement between plaintiff and the Pelniks is not alleged. There is sufficient in the complaint to supply this by implication.
The complaint states all essential elements of a cause of action within the rule of Keviczky v. Lorber (supra) and Hornstein v. Podwitz (supra) save one. Nowhere is it alleged that plaintiff induced Fishman and Kessler to buy, that they agreed to buy or were ready, willing and able to buy at the price for which plaintiff was authorized to sell the property. If there is no allegation that the customer of the broker was willing to buy at the price for which plaintiff was authorized to sell the property, there is no damage to the broker by reason of the conspiracy.
This is an essential element of the case which has not been pleaded. (Andrews v. Lebis, 279 App. Div. 1013.)
Under the new practice, the pleadings must give notice of the transactions and occurrences intended to be proved and the material elements of the cause of action. (CPLR 3013; Foley v. D’Agostino, supra; Siegel, A Biannual Survey of New York Practice, 38 St. John’s L. Rev., p. 190,199 et seq.)
CPLR 3026 mandates that pleadings are to be “ liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced.” If the defect is such that it does not unreasonably mislead the opponent as to the identity of the transactions sought to be litigated and the nature and elements of the cause of action, it should be ignored.
*335 It is clear from even a cursory reading of the complaint what plaintiff seeks and what wrong he charges. The events and occurrences are sufficiently identified.
If the deficiency in this pleading is inherent to the transaction, then the movants are better advised to move for summary judgment under CPLR 3212 for a prompt disposition of the litigation. If necessary, this aspect of the case can be investigated by the procedures for bill of particulars and disclosure, but lawsuits should be determined on their merits, not on the draftsman’s artistic ability. Little will be accomplished by granting this motion with leave to plead over or requiring the commencement of a new action.
The primary function of the pleading is to advise of the pleader’s complaint. This has been done. The movants have not demonstrated that they have been prejudiced. They are able to answer the allegations of the complaint and the technical omission is harmless.
One thing further requires comment. Movants ask in the alternative for summary judgment on the basis of an attorney’s affidavit. While CPLR 3211 (subd. [c]) allows the court to treat this motion as one for summary judgment and the absence of any affidavits by plaintiff might indicate such a course, movants’ papers are not sufficient to warrant that relief. (Cohen v. Pannia, 7 A D 2d 886; Di Sabato v. Soffes, 9 A D 2d 297.)
The defect cuts against the moving party. (O’Connor-Sullivan Inc. v. Otto, 283 App. Div. 269, 272.) Only when the moving papers are sufficient is a burden to respond with evidentiary proof placed on the opponent. (Kohler v. Fifth Ave. Coach Lines, 23 Misc 2d 66, 67.)
Defendants’ motion to dismiss is denied, without prejudice to renew the motion for summary judgment upon proper papers.