Richard J. Cardamone, J.
This is a motion made by the defendant, Wincent G. Hecht, doing business as Hecht Construction Company to dismiss the plaintiff’s complaint as against him pursuant to the provisions of CPLR 3212.
The plaintiff was injured in an airplane accident on April 19, 1963 at Tompkins County Airport. An action was commenced by the service of a summons in November of 1964. The complaint was served February 4,1965. The defendants interposed an answer February 23, 1965. No other or further proceedings have been had prior to the bringing of this motion.
*431 The defendant, Hecht, is the undisputed owner of a Cesna Aircraft, Model No. 172, Registry No. W-6182E. The defendant, Air Executive, Inc., is a domestic corporation with its office and principal place of business in Onondaga County, New York. Air Executive, Inc., had leased the said Cesna aircraft from the defendant Hecht. Plaintiff, Gilbert Andrews, was an employee of Air Executive, Inc. It appears from the moving papers that the pilot of the plane at the time of the accident was one John R. McDonald (now deceased), whose administratrix is the defendant, Mable E. McDonald. McDonald’s relationship with the plaintiff Andrews and/or defendants Air Executive, Inc. and Hecht is not made clear in the pleadings or moving papers. It does appear, however, that on April 18, 1963 the plaintiff, a duly licensed pilot, was given permission by the defendant, Air Executive, Inc., to pilot the Cesna aircraft for the purpose of flying from Syracuse, New York, to Ithaca, New York, and back.
All of the foregoing facts are undisputed.
The plaintiff, Andrews, in his complaint sets forth three causes of action. In the first cause of action he alleges that he was a passenger in the Cesna aircraft owned by the defendant, Hecht, which was at the time being ‘£ piloted, and under the full command and control of John R. McDonald, deceased, * * * with the permission and consent of the defendant, Hecht * * * the defendant, Air Executive, Inc., and the plaintiff, Gilbert Andrews, either express or implied”. He further alleges that “ while said aircraft was departing from the Tompkins County Airport near Ithaca, New York, the said aircraft was caused to crash because of the negligence of the defendants * * * and the said accident was caused by the lack of care exercised by the pilot, John R. McDonald ”. In his second cause of action, plaintiff realleges the same allegations contained in his first cause of action and, further, asserts ‘ ‘ that the negligence of the defendants consisted s $ in operating the said aircraft while in a dangerous and defective condition and while improperly equipped and improperly conditioned for flight, in failing to properly inspect and repair the defective and dangerous conditions therein existing and in failing to exercise sound and reasonable judgment in the piloting of said aircraft ”. The foregoing facts are denied in the answer interposed by defendants, McDonald, Air Executive, Inc., and Hecht. The third cause of action sets forth a claim against the defendant insurance company (Globe Indemnity Company) for certain surgical, hospital and other medical services and expenses.
The defendant, Hecht, has moved for summary judgment dismissing the plaintiff’s complaint as it attempts to assert a cause *432 of action as against him. He alleges in an affidavit that although he is the admitted owner of the Cesna aircraft, that the plaintiff concedes that he did, in fact, lease this aircraft to the defendant, Air Executive, Inc. Defendant Hecht has attached a copy of the lease, dated July 1, 1960, to his moving papers. The lease between the defendant Hecht and Air Executive, Inc., set forth in full provides: “ It is hereby agreed, between Air Executives of Malden Road, Hancock Airport hereinafter known as Lessee and Hecht Construction Company of 1817 LeMoyne Avenue, Syracuse, hereinafter known as lessor, that the lessee will lease from the lessor all aircraft now owned or hereafter owned by the lessor for a designated period of ten (10) years at a -price per mile to be approved by both parties on June 30 beginning with I960.” Defendant Hecht further states that he did not give “ the plaintiff permission, either express or implied to use it [Cesna aircraft] and that it was not being piloted by John R. McDonald on April 19, 1963 or at any time prior thereto, with the permission and consent of [defendant] ”. Defendant Hecht argues that the sole ground set forth in the plaintiff’s complaint to establish liability is the defendant’s ownership of the aircraft in question. He asserts: “ no other alleged act of negligence is attributable to deponent [Hecht] properly or otherwise ”. The plaintiff did not submit an answering affidavit to this motion.
CPLR 3212 (subd. [a]) provides, insofar as is here pertinent: “ any party may move for summary judgment in any action, after issue has been joined ” (subd. [b]): “ The motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party. The motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact other than an issue as to the amount or the extent of the damages While the plaintiff has failed to furnish this court with an evidentiary showing in affidavit form, nevertheless, the moving party has the burden to set forth evidentiary facts to establish his cause sufficiently to entitle him to judgment as a matter of law, anything less requires a denial of the motion even where the opposing papers are insufficient. (O’Connor-Sullivan, Inc. v. Otto, 283 App. Div. 269 [3d Dept., 1954].)
The defendant has urged that he is insulated from the plaintiff’s cause of action by virtue of the provisions of section 251 of the General Business Law (L. 1959, ch. 162, § 1, eff. Sept. 1, 1959, amd. by L. 1962, ch. 552, § 19, eff. Sept. 27, 1964). That statute provides that every owner of an aircraft shall be liable and responsible for injuries to persons as a result of the use or *433 operation of the aircraft by any person using it with the owner’s permission, expressed or implied. (General Business Law, § 251, subd. 1.) Subdivision 2 of the statute provides that the ‘ ‘1 owner ’ means any person * * * having the property in or title to an aircraft, and also any lessee * * * having the exclusive use thereof, under a lease or otherwise, for a period of thirty days or more, and their liability under this section, where both are liable, shall be joint and several ”. Subdivision 3 of the statute provides that the liability imposed in subdivision 1 “ shall not apply where permission to use or operate the aircraft is the permission of the lessor, expressed or implied, in a bona fide lease of the aircraft for a period of thirty days or more, that the aircraft be used or operated by the lessee or by persons using or operating it with the permission of the lessee The derivative liability imposed upon an owner was recommended to the Legislature by the Law Revision Commission to extend to aircraft the same principles as those which apply to section 59 (now § 388) of the Vehicle and Traffic Law. (N. Y. Legis. Doc., 1959, No. 65[A]; L. 1959, ch. 162, Note.)
It thus becomes germane to examine decisional law under section 388 of the Vehicle and Traffic Law. The exact relationship of the pilot, McDonald, to the plaintiff and the respective defendant, Air Executive, Inc., and defendant, Hecht, is very pertinent. He may have been an agent or employee of one or the other of the defendants and if of the defendant, Hecht, that circumstance may make defendant Hecht liable. (Elliott v. Flushing Sand & Stone Co., 273 App. Div. 782 [2d Dept., 1947].) There are insufficient facts before the court to determine whether or not there was any constructive control of the aircraft in defendant Hecht. It follows that if such were to be found, defendant, Hecht, would be a proper party. (Ortiz v. Carroll Transp., 28 Misc 2d 838; see Irwin v. Klein, 271 N. Y. 477 [1936].)
Even assuming that there is no relationship constructive or otherwise, between defendant Hecht and the pilot, John B. McDonald, that would only serve to defeat the claim alleged by the plaintiff in the first cause of action.
In the second cause of action, the plaintiff alleges that the defendant Hecht was negligent in permitting the aircraft to be in a “ dangerous and defective condition * * * improperly equipped and improperly conditioned for flight ”, and “ in failing to properly inspect and repair the defective and dangerous conditions therein exsiting.” While this is denied in the defendant’s answer, it does remain a disputed question of fact since nowhere in the answering affidavit of defendant Hecht are evidentiary facts set forth which negate this issue to such a degree *434 that the court may resolve it as a matter of law* Absentee owners, under section 59 of the Vehicle and Traffic Law (now § 388) have been held liable for the defective condition of a leased vehicle. (Elfeld v. Burkham Auto Renting Co., 299 N. Y. 336 [1949].)
It has been assumed throughout the foregoing that a valid lease is in existence between the defendant Hecht and defendant Air Executive, Inc., which would give to defendant Hecht the protection of subdivision 3 of section 251 of the General Business Law. An analysis of the lease makes such a conclusion far from certain. The requirement of subdivision 3 of section 251 of the General Business Law is that there be a bona fide lease of the aircraft for a period of 30 days or more. The instrument executed between Air Executive and Hecht Construction Company (not, however, executed by defendant, Hecht, but by someone else whose relationship or position with Hecht is not set forth) states, as a formula to establish consideration, ‘ ‘ a period of ten years at a price per mile to be approved by both parties ”. This may well fall short of the necessary “ definiteness ” needed in the rate of compensation or price fixed between the parties. Without this necessary “ definiteness ” fixed in the rate, it may well be that an element of mutuality was lacking here which renders this contract ineffective. (United Press v. New York Press Co., 164 N. Y. 406, 411 [1900]; Varney v. Ditmars, 217 N. Y. 223 [1916].) Contracts have been held unenforcible because prices were indefinite and to be agreed upon and no standard or formula was agreed upon for determining such price. (Hurwitz v. Gleicher, 284 App. Div. 1056 [2d Dept., 1954], affd. 309 N. Y. 699 [1955].) In any event, three fact questions remain unresolved. First, the relationship, if any, that McDonald has to defendant Hecht. Second, whether the lease between defendant Hecht and Air Executive, Inc., is a bona fide lease entitling defendant Hecht to the protection of subdivision 3 of section 251 of the General Business Law. Third, whether at the time of leasing the Cesna aircraft the same was defective and known to be defective by defendant Hecht as alleged by the plaintiff in his second cause of action.
In the present posture of this case, no discovery procedures having been had, this motion for summary judgment is premature. The motion will, therefore, be denied, without prejudice to its renewal at a later stage in this litigation if defendant Hecht be so" advised.
Plaintiff to submit order accordingly, with costs. '