BRENNAN REALTY CORP., Plaintiff, *v.* WILLIAM BURNETT et al., Defendants.

District Court of Suffolk County, November 18, 1966.

*Michael Karp* for plaintiff. *Richard J. Lewis, Jr.,* and *John M. Duffy* for defendants.

ERNEST L. SIGNORELLI, J. The plaintiff, a real estate broker, duly licensed to so practice in the State of New York, obtained a listing from the defendant, owner of the parcel of realty involved, hereinafter referred to as Burnett. Subsequently, the plaintiff was successful in procuring the defendants, the prospective purchasers, and showed the house in question to them, and introduced them to Burnett, said prospective purchasers hereinafter referred to as Mical. As a matter of fact, the defendants, Mical, indicated their desire to purchase the house. Subsequently, the other codefendant, the stepfather of the Micals, hereinafter referred to as Locascio, did in fact enter into a contract of sale with Burnett for the purchase of the house in question, after being told about this house by the Micals. Thereafter, a closing of title took place at a total price of $17,750.

The plaintiff brings this action, and its complaint consists of two causes of action. The first cause of action is against the defendants, Burnett, alleging breach of contract, claiming that it was deprived of its legal commissions in the sum of $1,100 which had been earned by the plaintiff in procuring a purchaser for the defendants' realty. The complaint includes a second cause of action, and joins the defendants, Burnett, and the defendants, Mical, and the defendant, Locascio, claiming that it was damaged as a result of a conspiracy which was entered into by all of the defendants to deprive plaintiff of its righful commissions resulting from the closing in this transaction.

Query: Does an action for conspiracy in this instance lie against the owner, the prospective purchaser and/or stepfather?

The facts in this case, and the prevailing law on this subject, impel this writer to answer this question in the affirmative.

It is obvious that the plaintiff in this action has been damaged as a result of a concerted effort on the part of these defendants, to deprive it of its rightful commissions. The testimony elicited from the defendants' witnesses, I find to be incredible and unworthy of belief.

The defendant, Locascio, admitted that he had learned about this house from his stepson, and further testified that he, himself, had never lived in this house, but that the Micals have occupied this house from the date of closing.

The defendant, Burnett, testified that he did not know how Mr. Locascio had learned about his home, thereby contradicting the defendants, Locascio and Mical, who stated that Locascio

had received knowledge of this house from his stepson, and had so related this fact to the defendants Burnett.

The defendant, Locascio, maintains that he is now renting the house to his stepson and his family, at a rental of $143, and that his mortgage payments amount to the sum of $133 per month.

There is no question in the court's mind that Locascio intended to buy this house for his stepson, and did in fact do so, in order that he could save his stepson a brokerage commission, and that the defendants, Burnett, went along with this scheme.

It is interesting to note that the defendants, Burnett, admitted that they were most anxious to dispose of their home because of a relocation of employment, and although he had been attempting to sell this house over a period of several weeks, had been unsuccessful in doing so, and as a matter of fact, he stated that all he would want to recover from this sale were his out-of-pocket expenses.

A broker earns his commission if a sale is effected through his agency as the procuring cause. A broker cannot be deprived of his commissions merely because the actual purchaser takes title in another's name. (*Konner* v. *Anderson,* 32 Misc. 511; *Randrup* v. *Schroeder,* 22 Misc. 365.)

A civil conspiracy is an agreement between two or more individuals to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful, by unlawful means. There must be a combination of two or more persons intentionally participating in the furtherance of a preconceived common design of purpose. (*Cooper* v. *Maurer,* 37 N. Y. S. 2d 992.)

By necessity, this lawsuit has to be predicated upon circumstantial evidence, as a conspirator does not generally broadcast his evil intentions, and the law is therefore, not insensible to the problem, and recognizes that this type of action, in most cases, can only be proven circumstantially.

Accordingly, in view of the overwhelming nature of the evidence, the court finds that the plaintiff has established a good cause of action in tort, and is entitled to recover its rightful commissions in the sum of $1,065 as against all of the defendants enumerated in the second cause of action. Having attained this result with regard to this cause of action, the first cause of action is accordingly dismissed.