Albert Orenstein, J.
This is an appeal from an order of the City Court of the City of Syracuse denying defendant’s motion for summary judgment pursuant to CPLR 3212 upon the ground that there are no triable issues of fact. (The lower court’s decision is reported in 50 Misc 2d 189.)
This action was instituted by the plaintiff to recover for damages to his automobile caused when it came in contact with a deer on the Massachusetts Turnpike. He claims that the damage so caused was covered under a comprehensive provision of an insurance policy issued by the defendant. This policy excludes any damages caused by collision.
The pertinent provisions of the policy are as follows:
“ Coverage D. (1) Comprehensive (excluding collision)
(2) Personal Effects
“ (1) To pay for loss caused other than by collision to the owned automobile or to a non-owned automobile. For the purpose of this coverage, breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed to be loss caused by collision. ’ ’
Collision is defined in the policy as: “ ‘ Collision ’ means collision of an automobile covered by this policy with another object or with a vehicle to which it is attached or by upset of such automobile. ’ ’
After setting forth that this insurance policy was in full force and effect, plaintiff alleged in his complaint as follows: “ 5. That on or about the 22nd day of April, 1960, while aforesaid policy was in full force and effect, plaintiff’s car collided with a deer while plaintiff was operating it in a westerly direction near Springfield, Massachusetts, on the Massachusetts Turnpike.”
The affidavit of the defendant’s attorney submitted in support of its motion for summary judgment admits the issuance of a policy, but denies that the coverage pursuant to said policy is applicable to the accident alleged in plaintiff’s complaint, and therefore the cause of action has no merit.
The only statement in this affidavit concerning the nature and circumstances of the accident is the bare statement as taken from the plaintiff’s complaint, “ The plaintiff alleges that his automobile collided with a deer on the 22nd day of April, 1960.”
The moving papers failed to provide the court with any evi *649 dentiary material to determine whether this accident is embraced in the exclusionary provision of the policy.
The cases submitted by the defendant relate to cases where the facts concerning coverage were developed after trial, and the court thereupon ruled whether accidents were excluded or covered by the terms of a so-called comprehensive policy.
The defendant has failed to set forth such evidentiary facts which would entitle it to summary judgment. (City of Troy v. Kemp, 20 A D 2d 596.)
The burden is upon the movant to produce evidence whereby it must clearly appear that no material and triable issue of fact is presented by the pleadings. (Leefe v. Public Serv. Mut. Ins. Co., 14 A D 2d 951.)
It has been further held that since the movant’s papers are insufficient, its adversary is not required to respond with evidentiary proof. (Infusino v. Pelnik, 45 Misc 2d 333.)
In Andrews v. McDonald (47 Misc 2d 430, 432) the court holds: “ CPLR 3212 (subd. [a]) provides, insofar as is here pertinent: ‘ any party may move for summary judgment in any action, after issue has been joined ’ (subd. [b]): ‘ The motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party. The motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact other than an issue as to the amount or the extent of the damages ’. While the plaintiff has failed to furnish this court with an evidentiary showing in affidavit form, nevertheless, the moving party has the burden to set forth evidentiary facts to establish his cause sufficiently to entitle him to judgment as a matter of law, anything less requires a denial of the motion even where the opposing papers are insufficient. (O’Connor-Sullivan, Inc. v. Otto, 283 App. Div. 269 [3d Dept., 1954].) ” (See, also, American Sur. Co. of N. Y. v. National Fire Ins. Co. of Hartford, 25 A D 2d 734.)
For the foregoing reasons, the order of the court below denying defendant’s motion for summary judgment is affirmed.