■ NIESKES & CRAIG, INC., Respondent, v. JOHN A. SCHOONERMAN et al., Appellants.— Order unanimously reversed on the law and facts, with costs, motion granted and complaint dismissed. Memorandum: In April, 1969 plaintiff, Nieskes & Craig, Inc., produced one McIntyre as a potential buyer of land owned by the defendants John and Sally Schoonerman. The property was ultimately sold to A.S.C. Realty Corporation for $60,000 in June, 1970. Although negotiations between McIntyre and the defendants had terminated in June, 1969, plaintiff claimed in its complaint that A.S.C. Realty Corp. was a successor in interest to McIntyre and that plaintiff was, therefore, entitled to its brokerage commission from the Schoonermans. Defendants appeal from the trial court's denial of their motion to set aside the jury's verdict for the plaintiff as being contrary to the law and against the weight of the evidence and for judgment for the defendants, or, in the alternative, for a new trial. We conclude that there was no evidence to sustain the jury's verdict and that defendants' motion to set it aside should have been granted, and also that no reason appears in this record to grant plaintiff a new trial. Plainly, a broker cannot be deprived of his commission merely because the actual purchaser takes in another's name (*Baum & Sons* v. *Educational Alliance*, 12 Misc 2d 270, 272–273; *Konner* v. *Anderson*, 32 Misc. 511, 512). Where a third party does take title to the property in question the burden is on the broker claiming a commission to show that he is the procuring cause of the sale (*Salzano* v. *Pellillo*, 4 A D 2d 789, 790). This record contains only circumstantial evidence, however, that plaintiff was the procuring cause of the sale. It is undisputed that in June, 1969 the defendants granted an option on the property to one John Rooney, who was represented by another broker. In September, 1969 three months after the termination of negotiations between the Schoonermans and plaintiff's prospective purchaser, McIntyre, McIntyre and Rooney petitioned the local zoning board for a zoning change for a portion of the subject property. Their petition stated that " petitioners have an option to purchase " the property. In June, 1970 the property was sold by the defendants to A.S.C. Realty, a

corporation which was represented at the closing by Rooney. Plaintiff contends that the fact of the joint zoning application in September, 1969 demonstrates that Rooney and McIntyre were in a joint venture in June, 1969 when Rooney acquired his option to purchase the property. Such is the sole evidence on which plaintiff bases its claim. Circumstantial evidence may, of course, support a verdict but such evidence is not sufficient by itself "where the circumstances give equal support to inconsistent conclusions, or are equally consistent with contradictory hypothesis" (32A C. J. S., Evidence, § 1039, p. 755; see also *Fieldstone Garden Apts.* v. *City of New York,* 7 Misc 2d 147, affd. 3 A D 2d 903). It is not necessary to exclude every other hypothesis "but every other reasonable hypothesis must be excluded" (*Boyce Motor Lines* v. *State of New York,* 280 App. Div. 693, 696, affd. 306 N. Y. 801). It is entirely possible, and indeed the record appears to support the alternate hypothesis, namely, that Rooney and McIntyre were not acquainted when Rooney obtained his option interest in June, 1969 and that thereafter, McIntyre, having failed to obtain the property from the defendants, approached Rooney who had the option and entered into some form of agreement with him. Had McIntyre and Rooney been collaborating it is unlikely that Rooney (through his corporation) would have offered more for the property than the amount for which Mr. Craig testified that McIntyre could have purchased it. Plaintiff failed to call as witnesses either McIntyre or Rooney, the persons who could best explain the facts and provide support for its claim. We conclude that the circumstantial evidence in this case is not sufficient to establish that Rooney and McIntyre knew each other in June, 1969 and that plaintiff was the procuring cause of the sale. The circumstances present in the record before us do not "lead fairly and reasonably to the conclusion sought to be established" (*Srogi* v. *New York Cent. R. R. Co.,* 247 App. Div. 95, 99), nor exclude "every other reasonable hypothesis" (*Boyce Motor Lines* v. *State of New York,* 280 App. Div. 693, 696). (Appeal from order of Wayne County Court denying motion to set aside verdict in action for broker's commissions.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Henry, JJ.