MATTER OF UNIVERSITY OF OKLAHOMA

In Visa Petition Proceedings

DAL-N-2478

*Decided by Regional Commissioner September 21, 1972*

A petition to accord an alien classification under section 101(a)(15)(H)(i) of the Immigration and Nationality Act may be approved upon petitioner satisfactorily establishing that the beneficiary is of distinguished merit and ability; that he is coming to perform services of an exceptional nature requiring such merit and ability; and that his services are desired by petitioner for a temporary period. Determinations as to whether beneficiary has a residence abroad which he has no intention of abandoning or is otherwise a bona fide nonimmigrant are not requisite to approval of a petition for "H–1" classification; rather, such determinations are for the consular officer when beneficiary applies for his visa, and for the immigration officer when beneficiary applies for admission or for a change of nonimmigrant status to "H–1" pursuant to section 248 of the Act.

ON BEHALF OF PETITIONER: Frederick A. Ruth, Legal Counsel
          University of Oklahoma
          660 Parrington Oval, EH–213
          Norman, Oklahoma 73069

This is an appeal from the decision of the District Director who denied the petition for the reason that the beneficiary has been seeking to obtain an immigrant visa; therefore, he does not have a residence in a foreign country which he has no intention of abandoning.

The University of Oklahoma, established in 1893, is seeking the services of the beneficiary for one year as a member of the faculty to do graduate and undergraduate college teaching and research in astronomy. He will be paid $385 per week for 40 hours a week.

The beneficiary is a 45-year-old male, a native of Hungary and citizen of Germany, presently residing in Hamburg, Germany. He holds a degree from Bonn University equivalent to a United States Ph.D. For the past two academic years he has taught and conducted research in astronomy on the campus of the University of Oklahoma.

The petitioner stated in part in a letter submitted with the petition that the beneficiary very much desires to immigrate to the United States and a number of ways have been explored to

obtain the necessary visa; however, as this takes time, the petitioner seeks to classify him for a nonimmigrant H-1 visa in order that he meet his teaching commitments at the University of Oklahoma.

The District Director stated in his denial decision that the beneficiary must establish, among other things, that he has a residence in a foreign country which he has no intention of abandoning as one of the basic requirements for approval of a petition to accord classification under section 101(a)(15)(H)(i) of the Immigration and Nationality Act, as amended.

The petitioner stated in part in the written brief submitted with the notice of appeal that the beneficiary decided during his last year in the United States that he would like to become a permanent resident of this country. The petitioner then requested that the beneficiary be allowed to enter the United States on some type of temporary visa until such time that an immigrant visa can be obtained in order that he teach courses that he was scheduled to teach this Fall. It was also stated that the beneficiary's services are now desperately needed as the semester is in its third week and there is no one who can fill the vacancy created by the beneficiary's absence.

The evidence in this matter clearly establishes that the beneficiary is an alien of distinguished merit and ability. The petitioner has stated that the beneficiary's services are required for only one year; therefore, it has also been established that the petitioner is seeking to classify the beneficiary under section 101(a)(15)(H)(i) to enable him to enter the United States temporarily to perform services of an exceptional nature requiring an alien of such merit and ability.

The requirement for the filing of a petition by the importing employer (or trainer) on behalf of a nonimmigrant as defined in section 101(a)(15)(H) is contained in section 214(c) of the Act. Approval by the Service of such a petition means that, with the exception of the beneficiary's personal bona fides as a nonimmigrant, the petitioner has established satisfactorily that the beneficiary meets the definition contained in section 101(a)(15)(H)(i), (ii) or (iii), as the case may be, and that the beneficiary is classifiable accordingly as an "H-1", "H-2" or "H-3" nonimmigrant. For example, approval of a petition seeking to classify the beneficiary under section 101(a)(15)(H)(i) means that the petitioner has established that the beneficiary is of distinguished merit and ability, that the services to be performed by the beneficiary are of an exceptional nature requiring such merit and ability, and that the petitioner desires that the beneficiary come to the United States temporarily to perform such services.

214

The Act recognizes that the beneficiary's qualifications as a nonimmigrant may only be realistically determined at the time he applies for such status. Under section 214(c) thereof the consular officer may not issue an "H-1", "H-2" or "H-3" visa unless a petition has been approved by the Service, acting for the Attorney General. Section 214(c) specifically states, however: "The approval of such a petition shall not, of itself, be construed as establishing that the alien is a nonimmigrant." Furthermore, section 214(b) of the Act states: "Every alien shall be presumed to be an immigrant until he establishes to the satisfaction of the consular officer, at the time of application for a visa, and the immigration officers, at the time of application for admission, that he is entitled to a nonimmigrant status under section 101(a)(15)."

Accordingly, notwithstanding the approval of the petition, the questions of whether the beneficiary has a residence abroad which he has no intention of abandoning, which the Act specifically requires, and whether he is otherwise a bona fide nonimmigrant, rather than an immigrant, are matters for determination by a consular officer when and if the beneficiary applies for a visa, and by an immigration officer when and if the beneficiary applies for admission to the United States as a nonimmigrant or for a change, pursuant to section 248 of the Act, from some other nonimmigrant status to status under section 101(a)(15)(H).

After carefully considering the entire record in this matter, it is concluded that the petitioner has established that the beneficiary is eligible for classification under section 101(a)(15)(H)(i). The appeal will be sustained and the petition approved.

**ORDER:** It is ordered that the appeal be sustained and that the petition be, and hereby is, approved.