444

STANDARD MARINE INSURANCE CO., LTD., Plaintiff, *v.* FEDERAL INSURANCE COMPANY, Defendant.

First Department, October 24, 1972.

*John M. Speyer* of counsel (*Michael L. Ingram* with him on the brief; *Greenhill & Speyer,* attorneys), for plaintiff.

*Ward R. Cunningham* of counsel (*Robert F. Doran* with him on the brief; *Doran, Cunningham & Caserio,* attorneys), for defendant.

*Per Curiam.* This is a submission of controversy pursuant to CPLR 3222. The relevant stipulated facts are as follows:

Plaintiff, Standard Marine Insurance Co., Ltd. (hereinafter referred to as Standard) issued a policy to Meade and Montague, Inc. and other named insureds. The policy specifically described the insureds as follows: " Meade & Montague, Inc. &/Or Milton H. Stern Associates, Inc. &/Or Tiffany Fabrics Inc. &/Or Continental Looms Inc. &/Or Artistic Sales Inc. &/Or Hazelton

Associates Inc. &/Or Titus Blatter & Co., &/Or Carole Draperies Inc. &/Or The Mohawk Drapery Mfg. &/Or The Leona Mfg. Co., &/Or wholly owned, subsidiary, Affiliated & Controlled Companies or Corporations or individuals."

Defendant, Federal Insurance Company (hereinafter referred to as Federal) issued a policy to Spectrum Fabrics Corporation *et al.* That policy described the insured as follows: "Spectrum Fabrics Corporation and/or affiliated and subsidiary companies as may be now or hereafter constituted."

On September 18, 1968, Spectrum Fabrics Corp. entered into an agreement with the stockholders of Meade and Montague, Inc. for the purchase of all of the issued and outstanding capital stock of Meade. It is stipulated that the purchase of the stock had been completed on September 18, 1968 and that all right, title and interest to the stock was in Spectrum on October 4, 1968. On that later date both Meade and Spectrum sustained a loss as a result of a fire. Meade's loss has been paid, without prejudice, by Standard, while Spectrum's loss has similarly been paid by Federal. In the stipulation submitted by the parties plaintiff took the position that the Meade loss was covered under the defendant's policy, and that the plaintiff's policy did not cover the Spectrum loss. Defendant, on the other hand, urged that its policy did not cover the loss by Meade, but that if the Meade loss was covered under its policy, then the Spectrum loss was covered under plaintiff's policy. The issues, however, have been narrowed, for in its brief defendant concedes that the Meade loss was covered by its policy as well as by the policy issued by plaintiff. Hence, the only issue before this court is whether the policy issued by plaintiff covered the loss incurred by Spectrum, the parent company of the plaintiff's first named insured.

We hold that plaintiff's policy does not cover the Spectrum loss. Spectrum would be covered under that policy only if it meets the definition of an insured as contained in the policy. Clearly, Spectrum was not one of the specifically named insureds. Hence, there is coverage only if Spectrum, with relation to Meade, is a " wholly owned, subsidiary, Affiliated & Controlled [company or corporation or individual]." It is quite apparent that Spectrum does not come within such definition. The obvious purpose of that clause was to extend coverage to corporations which might in some manner be acquired by one of the specifically named insureds. From the stipulation submitted herein it appears that Meade was taken over by Spectrum. Hence, Spectrum emerged as the parent company. Defendant relies in part

upon the phrase extending coverage to " affiliated and controlled " corporations. However, that phrase clearly points to the conclusion that coverage was not to be extended to a company which might in the future take over or acquire one of the named insureds. Such clause cannot be distorted to provide coverage merely to an affiliated company for such would eliminate the condition that the company be controlled as well as affiliated. Giving effect to the requirement that the corporation be controlled is consonant with the previous portion of the clause describing an insured to include a " wholly owned, subsidiary ". Additionally, we believe that it is quite clear that coverage was not intended to extend upward, i.e., to the parent. Defendant's argument that the clause in question is ambiguous and therefore must be construed against the plaintiff in favor of the party seeking coverage (see *Tonkin* v. *California Ins. Co. of San Francisco*, 294 N. Y. 326) is unavailing, for not only do we find that there is no ambiguity, but in any event, such rule is not applicable in a contest between two insurance companies. (*New Amsterdam Cas. Co.* v. *Fidelity & Cas. Co. of N. Y.*, 400 F. 2d 237.).

Accordingly, judgment should be directed in favor of plaintiff in the amount of $42,000, without costs or disbursements.

STEVENS, P. J., MARKEWICH, NUNEZ, MURPHY and TILZER, JJ., concur.

Judgment unanimously directed in favor of plaintiff in the amount of $42,000, without costs and without disbursements.