MATTER OF DEL MAR BEN, INC.

In Visa Petition Proceedings

BUF-N-7984

*Decided by Regional Commissioner July 5, 1974*

Mere ownership by the petitioning American corporation of stock in a Japanese corporation and an informal cooperative arrangement between the presidents of the two corporations to exchange favors, does not render petitioning corporation an affiliate of the Japanese corporation within the contemplation of section 101(a)(15)(L) of the Immigration and Nationality Act, as amended, for the purpose of according beneficiary, an employee of the Japanese firm, classification as an intra-company transferee.

IN BEHALF OF PETITIONER:  Seymour L. Schuller, Esquire
One Niagara Square
Buffalo, New York 14202

This matter is before the Regional Commissioner on appeal from the denial of the petition to classify the beneficiary as a nonimmigrant intra-company transferee under section 101(a)(15)(L) of the Immigration and Nationality Act, as amended.

The petitioner, since 1971, has operated the Arigato Japanese Steak House in Clarence, New York. This restaurant is described as an authentic Japanese-style restaurant where the preparation and cooking of the food are done by native Japanese chefs in the presence of the patrons on portable hibachi-style equipment. The artistry and showmanship of the chef are an integral part of the dining experience. The petitioner has acquired property and now seeks to establish another Arigato restaurant in Brighton, New York. It proposes to employ about 70 persons, including about six United States citizens or residents for each Japanese chef.

The petitioner seeks the services of the beneficiary as one of the chefs in the new venture. It is asserted that for maximum Japanese authenticity and flavor, recently arrived nonassimilated Japanese chefs are necessary to describe their experiences and life style. The beneficiary is said to have been employed as a chef for the past four years by a Japanese restaurant concern known as Hi Cock, Inc., of Osaka. Hi Cock operates about 60 restaurants in Japan. The petitioner claims eligibility to receive the beneficiary as an intra-company transferee based on the

assertion that Del Mar Ben, Inc., is an "affiliate" of Hi Cock, Inc. This claim to affiliation is based on a personal understanding between Mr. Dale Del Bello, president of Del Mar Ben, and Mr. Hatsuzo Ogawa, president of Hi Cock, and the fact that the petitioning corporation owns 4,000 shares of stock of Hi Cock which is said to be equal to the holdings of the largest single individual stockholder.

An intra-company transferee is defined by section 101(a)(15)(L) of the Act as follows:

> (L) an alien who, immediately preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge. . . . .

Although the record contains no evidence of the qualifications or experience of the beneficiary nor of the alleged holding of 4,000 Hi Cock shares by the petitioner, the district director has conceded *arguendo* the truth of these allegations and has denied the petition solely on the basis that the petitioner has failed to establish that it is an affiliate of the Japanese corporation.

We are told that the arrangement between the petitioner and Hi Cock includes the assistance of Hi Cock in securing for the petitioner certain Japanese supplies such as chopsticks, saki, rice, china bowls, and kimonos. The petitioner, in return, has agreed to acquire for Hi Cock certain supplies for use in Japan by Hi Cock which seeks to establish pizza houses there. There is apparently no formal or binding agreement or contract between the two concerns but only an informal arrangement by the heads of the firms who happen to be personal friends or acquaintances.

In a comprehensive and well-prepared brief by counsel the status of "affiliate" as claimed by the petitioner is urged primarily on the fact that the petitioner owns 4,000 shares of Hi Cock stock. He notes that neither Congress nor precedent administrative decisions have clearly spelled out the definition of "affiliate" as contemplated by the statute under consideration. Thus, he reasons we should use the common definition as found in the *Random House Dictionary of the English Language* from which he quotes in pertinent part the definition of "affiliate" as "a business concern owned or controlled in whole or in part by another concern." He goes on to quote the definition of a "subsidiary company" as a "company whose *controlling interest* is owned by another company." (His emphasis added.) Thus he reasons:

> It is clear that when Congress referred to "the same employer or a subsidiary or an affiliate thereof," it had in mind both the situation where the parent had *control* over the

6

associated company, i.e., a subsidiary, and the situation where there is only partial ownership, i.e., an affiliate.

Counsel also cites a recent New York court case, *Standard Marine Insurance Co.* v. *Federal Insurance Co.*, 39 A.D. 2d 444, 336 N.Y.S. 2d 692, 694 (1st Dept. 1972), in an effort to show that an affiliate need not be controlled but merely partially owned by another concern. He further distinguishes the matter at hand from the *Matter of Schick*, 13 I. & N. Dec. 647, which held that the United States firm in that case was not an affiliate of the foreign company.

Finally, counsel has submitted a copy of an unpublished decision by the Regional Commissioner of the Northwest Region of this Service finding that the status of "affiliate" existed between two firms based on what counsel contends is a far less concrete relationship than exists in the matter before us. We note, however, that the two firms in the Northwest Region's case, while not directly linked with each other, were both owned by the same giant American conglomerate. In any event, we need not accept nor reject the rationale used by the Northwest Regional Commissioner in that unpublished decision.

In the matter at hand counsel asks us to consider Del Mar Ben, Inc., an affiliate of Hi Cock, Inc., because Del Mar Ben owns Hi Cock stock. Following this rationale we might be asked to consider Del Mar Ben an affiliate of General Motors Corporation if Del Mar Ben purchased General Motors stock. This approach is patently fallacious. Beyond the fact of the stock ownership, the only connection between these two firms is an informal cooperative arrangement between the two presidents to exchange favors. We further note that Hi Cock, Inc., has made no financial investment in Del Mar Ben, Inc. Under the circumstances, we find that the petitioner has failed to establish that it is an affiliate of Hi Cock, Inc., as contemplated by the statute.

It should be pointed out that the beneficiary could probably qualify for sixth preference immigrant classification upon certification by the Department of Labor based on a bona fide job offer by the petitioner. It has been indicated that the petitioner feels that it would exercise greater control over the alien if he were admitted in a nonimmigrant status rather than as an immigrant where he would be free to seek other employment at some future time after his arrival here. It has been suggested that this would be beneficial to both the petitioner and the United States. This proposition would represent a subversion of the intent of the Congress as reflected by the statute.

In conclusion, upon careful consideration of all the evidence before us including representations made on appeal we find that the petitioner has failed to establish that it is an affiliate of the foreign concern involved and has thus failed to establish that the beneficiary is eligible for the benefit which this petition seeks to confer upon him. Accordingly, we

find that the decision of the district director was proper and the appeal will be dismissed.

*It is ordered* that the appeal be and is hereby dismissed.