## MATTER OF SAMARIUS INDUSTRIES, INC.

### In Visa Petition Proceedings

### HAR-N-3684

*Decided by Regional Commissioner March 16, 1976*

Notwithstanding beneficiary was previously employed by petitioner in the specified position as a permanent employee, and notwithstanding petitioner has an eventual need to fill the position with a permanent employee, petition to accord beneficiary nonimmigrant classification as a temporary worker under section 101(a)(15)(H)(ii) of the Immigration and Nationality Act, as amended, as a stained glass bender and teacher of this art, is granted since it has been established that the beneficiary's services will be temporary in nature as they will be utilized only to train other workers who will perform this function permanently and the training duties are not of an on-going nature but of a one year specified duration.

IN BEHALF OF PETITIONER:  Antonio Robaina, Esquire
205 Church Street
New Haven, Connecticut 06510

This matter is before the Regional Commissioner on appeal from the denial of the petition for the reason that it was not established that the services to be performed by the beneficiary are temporary.

The petitioner, Samarius Industries, Inc., is engaged in the manufacture of "Tiffany-type" lamps. It presently has 58 employees with an annual gross income of approximately $1,000,000. The petitioner proposes to employ the beneficiary as a stained glass bender and teacher of this art for a period of one year. The Department of Labor has issued a certification to the effect that qualified persons to fill this position are unavailable and made it valid for the period from February 2, 1976 to December 31, 1976.

The beneficiary is a 48-year-old native and citizen of Ecuador presently residing in Ecuador. The record indicates that the beneficiary, while in an unlawful status in the United States (of which the petitioner was unaware), was employed by the petitioner from April 1972 to December 1975.

On appeal and in oral argument it was urged that the beneficiary's services are indeed temporary in that the position he will be filling will be temporary in nature and is not one of production employment which

will be continued through the firm's subsequent operation. The petitioner urges that the beneficiary will be used to train two other employees in the art of stained glass bending. He will initiate training with one individual upon his arrival in the United States and begin the training of the second individual approximately two months later. The petitioner submits that the agreement between it and the beneficiary is temporary, that the contract entered into on November 25, 1975 contemplates his employment for only one year. The petitioner urges that because artisans with the required knowledge are limited it is essential that the beneficiary's services be utilized to train other workers who will perform this function permanently.

The petitioner assured the training of the United States workers could be completed in the time requested. They must learn to perform the following duties:

Knowledge of bending properties of stained glass imported and domestic of all available colors in regard to temperature and maximum sag. Knowledge of annealing brass. Program production for maximum efficiency of kiln. Knowledge of necessary controls, manual and electrical, for temperature of bend and anneal of stained glass. Visually inspected glass prior to bend, during bend and after bend. Load glass and brass into molds on continuous chain and unload when completed. Order glass from cutting department to insure maximum efficiency of kiln. Fuse ceramic paint to clear glass while bending and cool properly to avoid defects in paint. Maintain stock of annealed brass band and accessories for other departments. Maintain molds and prepare mold release chemicals as required. Inspect kiln visually and listen for any problem and resolve any problems.

In the case at hand the petitioner urges that he has not sought labor certification in behalf of the beneficiary for a permanent position nor does he intend to employ the beneficiary on a continuing basis.

It has been held that to be eligible for admission as a nonimmigrant under section 101(a)(15)(H)(ii) of the Act the beneficiary must be coming to the United States to perform duties of a temporary nature as distinguished from work of a continuing or permanent character. In the *Matter of Contopoulos*, 10 I. & N. Dec. 654, it was held that where the position itself is permanent in nature the grant of nonimmigrant status under section 101(a)(15)(H)(ii) is precluded notwithstanding the limitation of time placed on the beneficiary's services.

It has been further held in the *Matter of University of Oklahoma*, 14 I. & N. Dec. 213 that determinations as to whether the beneficiary has a residence abroad which he has no intention of abandoning or is otherwise a bona fide nonimmigrant are not requisite to approval of an "H" classification; rather such determinations are for the consular officer when the beneficiary applies for his visa abroad and for the immigration officer when he applies for admission or for a change of nonimmigrant status pursuant to section 248 of the Immigration and Nationality Act.

After a careful review of the entire record it is concluded that the

petitioner on appeal has credibly established that the position for which the beneficiary's services are sought is one temporary in nature within the interpretation of law and rationale of *Matter of Contopoulos*, supra. Accordingly, the bases for denial have been overcome and the district director's decision will, therefore, be reversed and the petition approved.

*It is ordered* that the appeal be sustained and the petition be approved.