## MATTER OF LEE

### In Visa Petition Proceedings

### A-CHI-N-20149

*Decided by Regional Commissioner May 8, 1981*

(1) To qualify for nonimmigrant classification as a temporary worker of distinguished merit and ability within the meaning of section 101(a)(15)(H)(i) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(H)(i), a beneficiary must be a member of a profession offered a temporary position performing services which require professional skills.

(2) A beneficiary who is a dentist, offered a position practicing dentistry for an indefinite period of time with no specified termination date has not been offered a temporary position and does not qualify for nonimmigrant classification as a temporary worker of distinguished merit and ability within the meaning of section 101(a)(15)(H)(i) of the Act, 8 U.S.C. 1101(a)(15)(H)(i).

ON BEHALF OF PETITIONER:    William Newell Siebert, Esquire
111 E. Wacker Drive, Suite 515
Chicago, Illinois 60601

This matter is before me on appeal from the District Director's decision dated March 11, 1981, denying the petition to classify the beneficiary as a temporary worker of distinguished merit and ability (H-1) under section 101(a)(15)(H)(i) of the Immigration and Nationality Act, as amended, 8 U.S.C. 1101(a)(15)(H)(i). The appeal will be dismissed.

The petitioner is a partner in a professional association of dentists. The beneficiary is a 34-year-old native and citizen of Hong Kong who last entered the United States on September 2, 1975, as a nonimmigrant student. He earned a Doctor of Dental Surgery degree from the Loyola University's Chicago College of Dental Surgery on May 27, 1978. Thereafter, he was granted two periods of authorized practical training to June 30, 1979. The petitioner has offered the beneficiary a 40% share in the net income of the partnership in exchange for his services as a dentist. The petitioner indicated no specific ending date for this arrangement. The beneficiary has been working pursuant to these terms since March 3, 1979. The visa petition to classify the beneficiary as a nonimmigrant temporary worker on the basis of this position as a dentist in a partnership or professional association was filed on June 28, 1979.

Nonimmigrant classification as temporary worker of distinguished merit and ability is granted where the beneficiary is a member of the professions, the duties to be performed are of an exceptional nature requiring a member of the professions, and the services are to be performed for a temporary period of time (*Matter of General Atomic Company*, 17 I&N Dec. 532 (Comm. 1980). Temporary means "that which is to last for a limited time only, as distinguished from that which is perpetual, or indefinite, in duration." Black's Law Dictionary (4th Ed. 1968).

In the present case the beneficiary is a professional dentist whose duties of providing dental care to low-income families require his exceptional abilities. However, the District Director found that his employment is contemplated for a period of indefinite duration, not fixed by any set date in the future. On appeal, attorney for the petitioner did not satisfactorily refute this conclusion. He indicated that the petitioner is presently looking for an American dentist without success. The offer on this application is extended only to the point of hiring an American to fill the position. I note, however, that the beneficiary has occupied this position for more than 2 years now; the petitioner appears to have no prospects of filling this position; and the petitioner has not documented his efforts to fill the position in support of his claimed intention to only employ the beneficiary temporarily. Such circumstances are not indicative of temporary employment.

I conclude that the petitioner has failed to establish that his intention with respect to the employment of the beneficiary is merely for temporary employment. Following *Matter of University of Oklahoma*, 14 I&N Dec. 213 (BIA 1972), the petition was properly denied.

ORDER: The appeal is dismissed.