## MATTER OF TESSEL, INC.

### In Visa Petition Proceedings

### A-23107366

*Decided by the Acting Associate Commissioner of Examinations
January 9, 1981*

(1) The words "same international corporations and organizations" include "an affiliate or subsidiary thereof" within the meaning of 20 C.F.R. 656.10 for Schedule A, Group IV, labor certification. Companies are "affiliated" within the meaning of section 101(a)(15)(L) of the Act where there is a high degree of common ownership and management between the two companies, either directly or through a third entity.

(2) An unsalaried appointed chairman of a corporation is an employee in a managerial or executive position for Schedule A, Group IV, labor certification purposes.

(3) The fact that a petitioner for admission to the United States qualifies for a non-preference status, does not preclude the petitioner's qualification for a preference status.

(4) The corporation is a separate legal entity from its stockholders, able to employ them and to file a petition on their behalf.

ON BEHALF OF PETITIONER: Sam Bernsen, Esquire
Fried, Fragomen, Del Rey, Bernsen and
O'Rourke, P.C.
1000 16th Street, N.W., Suite 511
Washington, D.C. 20036

This case is before the Commissioner on certification from the Regional Commissioner, Western Region. The District Director in San Diego denied the petition. The Regional Commissioner ordered the case to be certified to him and in turn certified it to the Commissioner.

The petitioner is seeking to classify the beneficiary under section 203(a)(6) of the Immigration and Nationality Act, based upon his occupation as vice-president and export director. The petitioner is further claiming blanket labor certification under 20 C.F.R. 656.10(d)(2) as Schedule A, Group IV. In order to qualify for this Schedule A certification the petitioner must demonstrate that the beneficiary has been employed by the same international corporation or organization abroad for the year immediately prior to the beneficiary's admission. This employment must have been in a managerial or

executive position and it must be intended that he continue in the United States in a similar capacity.

If the beneficiary is found qualified for the blanket labor certification, the only remaining determination is whether he possesses the minimum requirements for successful performance of the job duties as outlined on the Job Offer for Alien Employment form.

In his decision the Acting District Director found that the beneficiary was not qualified for blanket labor certification. The basis for this finding was a failure to demonstrate that the petitioner and the beneficiary's South African company are the same corporation, or that either is the subsidiary or affiliate of the other. The Director found further that the beneficiary could not qualified for sixth preference classification because he is not an employee. The Director found him to be an entrepreneur or investor in his relationship to both the United States company and the South African company.

The Regional Commissioner found that the issue over affiliate or subsidiary relationship was not on point. He interpreted the plain language of the Labor Department regulation to limit qualification of a beneficiary to the situation where he would be continuing employment within the *same* international corporation or organization. The Regional Commissioner further found that there was no evidence in the record to establish that the beneficiary was ever employed by the South African company in a managerial or executive position.

The Attorney or record states in his brief that the blanket labor certification for Group IV encompasses more than the "same international corporation" concept of the Regional Commissioner. He further states that the required relationship under both the intracompany nonimmigrant definition and the Schedule A provision is established through the common ownership and control (management) or the companies involved.

The interpretation of the Labor Department regulation used by the Regional Commissioner is inaccurate. The Department's handbook on 20 C.F.R. 656.10 on page 656-A-21 states: "The words 'same international corporations or organizations' used in the regulations are intended to include 'an affiliate or subsidiary thereof' as provided in the Act."

The Regional Commissioner's second reason for denial has been overcome through the submission of a document which indicates that the beneficiary was appointed chairman of the South African company on March 1, 1976. While he does not receive a salary as chairman he is nonetheless an employee of the company.

The District Director's finding that the beneficiary fails to qualify for the preference sought because he is a business investor and would more properly be classified as such under nonpreference is without

632

basis in law. The fact that one qualified for a particular status does not preclude qualifying for another status.

The Director's holding (in which the Regional Commissioner also concurs) that an employer/employee relationship cannot exist between the petitioner and beneficiary because they are one and the same, fails to consider the precedent established in *Matter of M*, 8 I&N Dec. 24 (BIA 1958; A.G. 1958), wherein it was held that a sixth-preference petition could be approved where the petitioner was a corporation seeking the employment of even its sole stockholder. The corporation is a separate legal entity from its stockholders and able to file a petition and employ them.

The question of relationship between the two companies is the most crucial matter involved in the instant case. The beneficiary owns 93% of the South African company and is its chairman. He owns 60% of the petitioner and will be a manager of the corporation (Vice-President and Export Director). It has previously been held that mere stock ownership and an informal arrangement to do favors between companies does not constitute the requisite relationship for qualification under section 101(a)(15)(L) of the Act, (*Matter of Del Mar Ben*, 15 I&N Dec. 5 (R.C. 1974)). But, *Del Mar Ben* is distinguishable because the stock ownership was minimal and there was no degree of control or joint management. The instant case has a high percentage of common ownership and common management, vesting effective control over both companies in their owner/manager. Where there is a high percentage of ownership and common management between two companies, either directly or through a third entity, those companies are "affiliated" within the meaning of that term as used in section 101(a)(15)(L) of the Act.

Therefore, the instant companies are affiliated. The beneficiary has been employed for the preceding year as an executive or manager of the foreign company and will be so employed by the United States company. The beneficiary is qualified to be an "L-1," and, therefore, does have a Schedule A, Group IV, labor certification. The following order shall be entered.

IT IS ORDERED that the visa petition to classify the beneficiary under section 203(a)(6) be approved.