MATTER OF ISOVIC

In Visa Petition Proceedings

LOS-N-45355

*Decided by Commissioner June 6, 1982*

(1) A petitioner seeking to classify an alien under section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(L), must demonstrate the intention to employ the beneficiary in the United States for only a temporary period.

(2) While a petitioner for an L classification generally need submit only a simple statement of the facts and a listing of dates to demonstrate the intent to employ the beneficiary in the United States temporarily, where the beneficiary is the owner/major stockholder of the petitioning company, a greater degree of proof is required.

ON BEHALF OF PETITIONER: Robert L. Miller, Esquire
Miller and Miller
2500 Wilshire Boulevard
Suite 1018
Los Angeles, California 90057

This matter is before the Commissioner upon certification in accordance with 8 C.F.R. 103.4. The petition was denied by the District Director. An appeal to the Regional Commissioner was dismissed on November 25, 1981.

The petitioner, Bis-Shaefer Corporation, seeks to classify the beneficiary, Midhat Isovic, as an intra-company transferee. The petitioner is incorporated in the state of California to conduct a heavy construction business and the import and export of electronic apparatus. A 51% share of the petitioning corporation is owned by the beneficiary. The beneficiary's presence in the United States is sought to manage and direct the corporation's activities in the United States. Evidence has been submitted that the beneficiary was employed abroad for more than one year by the Shaefer Company Ltd., of Munich, Germany, and by the BIS Company, also of Munich, Germany. Evidence demonstrates that the overseas companies are affiliated with the petitioner inasmuch as they are under the common ownership and control of the beneficiary and that the beneficiary was substantially involved in management and executive duties for the overseas companies for the requisite one year or more. Both overseas "affiliates" are incorporated in Germany.

In *Matter of Tessel, Inc.*, 17 I&N Dec. 631 (A.C. 1981), the Service determined that a corporation and its stockholders are separate legal entities and that a corporation can employ and petition for a stockholder.

The Regional Commissioner concedes that the petitioner has established the foregoing facts, but in his decision of December 8, 1981, found that the petitioner had failed to establish that the beneficiary was coming to the United States temporarily and, therefore, the beneficiary was not entitled to classification as an intra-company transferee. The petitioner argues that section 101(a)(15)(L) of the Immigration and Nationality Act, as amended, 8 U.S.C. 1101(a)(15)(L), does not require the petitioner to establish that a beneficiary is coming temporarily, and that the temporariness of a beneficiary's stay is an issue which may be considered only in conjunction with an application for visa issuance before a United States consular officer. The petitioner, through counsel, also argues that the Regional Commissioner has inappropriately imposed the requirement that the services required of the beneficiary be of a temporary nature. The petitioner correctly comments that the temporariness of an occupational position is a statutory requisite for classifying a temporary worker under section 101(a)(15)(H)(ii) of the Act.

Section 101(a)(15)(L) of the Act provides for the classification and admission of an intra-company transferee as follows:

(L) an alien who, immediately preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge, and the alien spouse and minor children of any such alien if accompanying him or following to join him.

Title 8, Code of Federal Regulations 214.2(l)(1) provides that, "A petition approved under this paragraph is valid for the period of established need for the beneficiary's temporary services but not to exceed three years." Service Operations Instruction 214.2(l) provides that, "A petitioner for an L-1 nonimmigrant must establish that he is seeking such classification for the beneficiary to enable the latter to enter temporarily to perform specified services."

The same Operations Instruction provides that the beneficiary's intent with regard to the temporariness of his proposed stay in the United States is pertinent primarily to the beneficiary's eligibility for issuance of an L-1 visa and his admission to the United States as a nonimmigrant.

In the foregoing discussion and references, the concept of "temporariness" has two separate applications: the intent of the alien beneficiary to enter temporarily, and the intent of the employer to use the beneficiary's services temporarily. The Service has long held that the intent of the beneficiary is not relevant in a nonimmigrant visa petition proceeding. *Matter of University of Oklahoma*, 14 I&N Dec. 213 (R.C.

1972). In this context, temporariness relates to the alien's eligibility for classification as a nonimmigrant and is to be considered in the visa issuance process or at the time of his application for admission to the United States. The intention of the petitioning employer to use a beneficiary temporarily or permanently, however, does relate to the nonimmigrant visa petition process for temporary workers under either the "H" or "L" nonimmigrant categories. Sections 101(a)(15)(H) and (L) clearly state that the beneficiary must be coming temporarily. *Matter of Lee,* 18 I&N Dec. 96 (R.C. 1981).

In this proceeding, the Regional Commissioner saw these two separate applications of "temporary" but did not clearly express them. His use of the phrases "temporary nature of services" and "services needed only on a temporary basis" are not correct in this context. The requirement that a job or occupation be of a temporary nature relates to the statutory requirement for the "H-2" temporary nonimmigrant worker section 101(a)(15)(H)(ii) and not to sections 101(a)(15)(H)(i) or (L). The Regional Commissioner also improperly cited *Hess* v. *Esperdy,* 234 F. Supp. 909 (S.D.N.Y. 1964). That decision again relates to the "H-2" temporary worker classification and not to the intra-company transferee (L-1). The issues which must be satisfied in the present proceeding are not the intent of the beneficiary nor whether the occupational position requires services of a temporary nature. The issue is whether or not the petitioner will employ the beneficiary for a limited period of time. It is irrelevant to the "L-1" classification whether the occupation is temporary or permanent, so long as the alien beneficiary will only be utilized for a temporary period.

The Regional Commissioner has raised a valid question in the instance of a corporate enterprise which is essentially owned by the alien beneficiary who is engaged as the principal manager or executive: Does the petitioner and corporate entity intend to employ the beneficiary permanently in the position for which it is petitioning? I do not agree with the Regional Commissioner that this question must be answered in the affirmative to the effect that the permanent presence and employment of a principal stockholder and beneficiary is automatically indicated in all cases. Nonetheless, the question must be asked and the petitioner must be given an opportunity to establish whether it is the petitioner's intention to employ the beneficiary for only a temporary period in the United States. Although the intentions of the alien beneficiary and of the company's stockholder appear to merge in this situation, the legal fiction of corporate identity separate from the stockholders must be maintained.

The petitioner, through counsel, was requested to furnish evidence and information concerning whether or not the beneficiary will be employed temporarily. The specific information sought included the

following:

(1) a description of the petitioner's/beneficiary's other business activities and/or investments, if any; (2) the petitioner's statement concerning how long the beneficiary's services will be required in the United States; (3) what provisions, if any, have been made to operate the business when the beneficiary returns abroad; and (4) whether or not the Bis-Shaefer Corporation plans to permanently or indefinitely operate in the United States.

The petitioner's reply, through counsel, reaffirmed that the petitioner intended to employ the beneficiary temporarily but provided few specifics. No information is available here as to whether or not the overseas affiliates will continue in operation and whether or not these activities will cause the beneficiary to travel abroad. Counsel states that, "It is impossible to have any provisions to operate the business when the beneficiary returns abroad." Counsel also states that if the company is successful, "it will operate indefinitely."

Because of the indefinite character of the business which requires careful corporate planning of long-term contingencies, the fact that the operation and, indeed, the very existence of the business depends upon the presence of the owner/operator/stockholder, and the fact that no evidence or information has been offered to show that the employment will be of limited duration, I must conclude that the petitioner has failed to establish that it is seeking L-1 nonimmigrant classification to enable the beneficiary to enter the United States temporarily to perform the specified services.

This finding, however, should not be construed as prohibiting a corporation owned wholly or primarily by one individual from bringing to the United States the owner/operator under the "L-1" visa classification. This can be accomplished if the petitioner demonstrates its intention to employ the beneficiary temporarily and can show that the temporary services of the owner/operator will no longer be utilized at some future date. It can be further evidenced by demonstrating that the operating company will exist only for a finite period in the United States or that the owner's/operator's investments and enterprises abroad are such that in all likelihood he will not be employed and present in the United States for indefinite periods of time, but will return to manage the other investments.

While the Service has generally accepted that the burden of proving the temporary utilization of a beneficiary's services is met through a simple statement of the facts and listing of dates, the circumstances involved in a petition for an owner/operator require a greater degree of proof beyond a mere on-record statement. The form of this proof is the responsibility of the petitioner. However, it is suggested that evidence establishing a record of corporate transfers, relocation of high-level personnel, or anticipated future events which will affect the reassign-

ment of the owner/operator outside of the United States, will normally meet the petitioner's burden of proof.

**ORDER:** The petition is denied.